**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 50250-0-II |
| Respondent, | |
| v. | PART PUBLISHED OPINION |
| FRANK A. WALLMULLER, | |
| Appellant. | |

MAXA, C.J. – Frank Wallmuller appeals his sentence following a resentencing hearing, arguing the trial court erred in imposing certain community custody conditions. In the published portion of this opinion, we hold that a community custody condition prohibiting Wallmuller from frequenting "places where children congregate such as parks, video arcades, campgrounds, and shopping malls," Clerk's Papers (CP) at 25, is unconstitutionally vague. In the unpublished portion of the opinion, we address and reject Wallmuller's other challenges.

Accordingly, we remand to the trial court to vacate or correct the language in this community custody condition that prohibits Wallmuller from frequenting places where children congregate, but we affirm his sentence in all other respects.

FACTS

Wallmuller pleaded guilty in 2014 to charges of first degree child rape and sexual exploitation of a minor. He appealed his sentence, and this court remanded for resentencing.

50250-0-II

*State v. Wallmuller,* No. 46460-8-II (Wash. Ct. App. Nov. 17, 2015) (unpublished), http://www.courts.wa.gov/ opinions/pdf/D2%2046460-8-II%20Unpublished%20Opinion.pdf. At resentencing in 2016, the trial court imposed a community custody condition that prohibited Wallmuller from frequenting "places where children congregate." CP at 25.

Wallmuller appeals his sentence.

## ANALYSIS

Wallmuller challenges as unconstitutionally vague a community custody condition that provided: "The defendant shall not loiter in nor frequent places where children congregate such as parks, video arcades, campgrounds, and shopping malls." CP at 25. We agree.

A.   LEGAL PRINCIPLES

Wallmuller did not object at resentencing to the "places where children congregate" community custody condition. However, vagueness challenges to community custody conditions may be raised for the first time on appeal. *State v. Padilla*, 190 Wn.2d 672, 677, 416 P.3d 712 (2018).

Vague community custody conditions violate due process under the Fourteenth Amendment to the United States Constitution and article I, section 3 of the Washington Constitution. *State v. Irwin*, 191 Wn. App. 644, 652, 364 P.3d 830 (2015). A community custody condition is unconstitutionally vague if either "(1) it does not sufficiently define the proscribed conduct so an ordinary person can understand the prohibition or (2) it does not provide sufficiently ascertainable standards to protect against arbitrary enforcement." *Padilla*, 190 Wn.2d at 677. However, a condition need not identify prohibited conduct with complete certainty. *Id.*

2

We review community custody conditions for an abuse of discretion and will reverse them only if they are manifestly unreasonable. *Id.* But a trial court abuses its discretion by imposing an unconstitutional condition. *Id.* And unlike statutes challenged on vagueness grounds, there is no presumption of validity for sentencing conditions. *State v. Sanchez Valencia,* 169 Wn.2d 782, 793, 239 P.3d 1059 (2010).

B.    APPLICABLE CASES

In *Irwin*, Division One of this court addressed a community custody condition that stated, "Do not frequent areas where minor children are known to congregate, as defined by the supervising CCO [community corrections officer]." 191 Wn. App. at 649. The court held that the phrase "where minor children are known to congregate" was unconstitutionally vague. The court stated:

> [W]hether that [phrase] would include "public parks, bowling alleys, shopping malls, theaters, churches, hiking trails," and other public places where there may be children is not immediately clear.
> . . . .
>
> Without some clarifying language or an illustrative list of prohibited locations . . . the condition does not give ordinary people sufficient notice to " 'understand what conduct is proscribed.' "

*Irwin*, 191 Wn. App. at 654-55 (quoting *State v. Bahl*, 164 Wn.2d 739, 753, 193 P.3d 678 (2008)) (*quoting City of Spokane v. Douglass*, 115 Wn.2d 171, 178, 795 P.2d 693 (1990)).[1]

In *State v. Norris*, Division One addressed a similar community custody condition that contained a short list of prohibited locations. The condition provided: "Do not enter any parks/playgrounds/schools and or any places where minors congregate." 1 Wn. App. 2d 87, 95,

---

[1] The court also held that this condition was unconstitutionally vague because it allowed the CCO to define the phrase "where children are known to congregate." *Irwin*, 191 Wn. App. at 654-55; *see also State v. Magana*, 197 Wn. App. 189, 200-01, 389 P.3d 654 (2016) (finding a similar condition vague because it gave too much discretion to the CCO).

3

404 P.3d 83 (2017), *review granted*, 190 Wn.2d 1002 (2018). The State conceded on appeal that the phrase "any places where minors congregate" was unconstitutionally void for vagueness, and the court accepted that concession. *Id.* Quoting *Irwin*, the court stated that the phrase did not give ordinary people sufficient notice to understand what conduct was proscribed. *Id.*

However, Norris agreed that striking "and or any places" from the condition would make it constitutionally proper. *Id.* at 95-96. The court stated, "We hold the imposition of a condition that states, 'Do not enter any parks, playgrounds, or schools where minors congregate' is not unconstitutionally vague or void for vagueness." *Id.* at 96.

## C. VAGUENESS ANALYSIS

The three primary dictionary definitions of "congregate" are (1) "to collect together into a group, crowd, or assembly," (2) "to come together, collect, or concentrate in a particular locality or group," and (3) "become situated together or in proximity to each other." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 478 (2002). This second definition seems most appropriate in this situation.

But even that definition creates uncertainty and gives rise to several questions: (1) Must the children join together in a formal group to "congregate," or is it sufficient that children be at the same place even if they are unconnected? (2) Similarly, must the children intend to join together with other children to "congregate," or can they end up at the same place by happenstance? (3) How many children are required to congregate to invoke the condition? Is two enough, or is some unstated larger number required? (4) How often must children congregate in a place to invoke the condition? Is once enough, or is some unstated frequency required? (5) Assuming that children must have actually rather than potentially congregated at a place to invoke the condition, how recently must they have congregated there? Is one prior

instance of children congregating in a place sufficient regardless of when it occurred? These questions suggest that the condition does not sufficiently define the proscribed conduct.

Arguably, the condition here is less vague than in *Irwin* because it provides a short list of locations where Wallmuller knows he is not allowed to go. However, the condition contains the phrase "such as" before its list of prohibited places, indicating that frequenting more places than just those listed would violate the condition. As in *Norris*, this short list does not cure the inherent vagueness of the phrase "places where children congregate."

"[A] statute will be considered unconstitutionally vague if enforcement depends on a completely subjective standard." *Padilla*, 190 Wn.2d at 679. The community custody condition here invites a completely subjective standard for interpreting "places where children congregate." As a result, we follow *Irwin* and *Norris* and hold the condition is unconstitutionally vague.

Division Three recently reached the opposite conclusion in a 2-1 decision in *State v. Johnson*, in which the court held that a similar "places where children congregate" community custody condition was not vague. *State v. Johnson*, No. 34928-4-III, slip op. at 8-10 (Wash. Ct. App. July 17, 2018), https://www.courts.wa.gov/opinions/pdf/349284_pub.pdf. We do not find the court's reasoning persuasive.[2]

We agree with the court in *Norris* that a modified condition stating, "The defendant shall not loiter in nor frequent parks, video arcades, campgrounds, and shopping malls" would not be

---

[2] In addition to discussing *Johnson*, the dissent in our case also references several unpublished opinions in all three divisions of the Court of Appeals that have addressed similar community custody conditions in the past few years. We recognize that some of these unpublished opinions reach a different conclusion regarding the vagueness of such conditions, but we do not find them persuasive.

unconstitutionally vague. On remand, the trial court can vacate this condition or modify the condition consistent with this opinion.

## CONCLUSION

We remand to the trial court to vacate or modify the language in the community custody condition that prohibits Wallmuller from frequenting places where children congregate, but affirm his sentence in all other respects.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Wallmuller also argues that the trial court erred in (1) imposing a community custody condition requiring him to bear the expense of random urinalysis and/or breathalyzer testing, and (2) failing to order a new presentence investigation report (PSI) at resentencing. We disagree.

## ADDITIONAL FACTS

At his original sentencing in 2014, Wallmuller asked the court to waive the PSI requirement and to rely on the PSI presented for a 2009 sentencing on other sex offenses. At the resentencing hearing, the trial court did not order a new PSI, but Wallmuller did not object.

The trial court imposed several community custody conditions, including a condition that required Wallmuller to "at his/her own expense, submit to random urinalysis and/or breathalyzer testing at the request of the CCO or treatment provider." CP at 25. In addition, the court made a finding that Wallmuller "does not have a significant ability to pay" and struck the discretionary legal financial obligations (LFOs). Report of Proceedings (March 8, 2016) at 21.

ANALYSIS

A.    LACK OF NEW PSI

Wallmuller claims that the trial court erred in its statutory obligation to order a new PSI as required by statute before resentencing.  We disagree.

The statute in effect at the time of Wallmuller's conviction provided: "[T]he court shall, *at the time of plea or conviction*, order the department to complete a presentence report before imposing a sentence upon a defendant who has been convicted of a felony sexual offense." Former RCW 9.94A.500(1) (emphasis added).

Here, "the time of plea or conviction" was in 2014 when the trial court originally sentenced Wallmuller.  The 2016 resentencing did not occur at the time of Wallmuller's plea or conviction.  Therefore, RCW 9.94A.500(1) did not apply to the resentencing.[3]

B.    COMMUNITY CUSTODY CONDITION – TESTING AT DEFENDANT'S EXPENSE

Wallmuller argues that because the trial court found him unable to pay LFOs, the court erred in imposing a community custody condition that requires him to pay for random urinalysis and/or breathalyzer testing.  We decline to consider this argument because Wallmuller did not object to this condition in the trial court.

Under RAP 2.5(a), we generally will not review claims raised for the first time on appeal, unless the party claiming the error can show the presence of an exception to that rule.  *State v. Robinson*, 171 Wn.2d 292, 304, 253 P.3d 84 (2011).  One exception is RAP 2.5(a)(3), which permits a party to raise such a claim if it amounts to a "manifest error affecting a constitutional right."  But this provision is inapplicable here because unlike for the "places where children

---

[3] We do not address whether or not the trial court violated former RCW 9.94A.500(1) in 2014 by not ordering a PSI even though Wallmuller requested that the court not order one.

7

congregate" condition discussed above, Wallmuller is not making a constitutional claim regarding this condition.

Wallmuller claims that he can challenge this condition for the first time on appeal under *State v. Blazina*, 182 Wn.2d 827, 344 P.3d 680 (2015), because the condition constitutes an LFO. In *Blazina*, the court suggested that appellate courts should exercise their discretion to review unpreserved claims that the trial court failed to comply with the requirement in RCW 10.01.160(3) that the court assess the defendant's ability to pay before imposing discretionary LFOs. *Id.* at 834-35.

However, RCW 10.01.160(3) applies only to "costs," which are defined in RCW 10.01.160(2) as "expenses specially incurred by the state in prosecuting the defendant or in administering the deferred prosecution program under chapter 10.05 RCW or pretrial supervision."[4] The community custody condition requiring Wallmuller to pay for random urinalysis and/or breathalyzer testing does not fall within this definition.

Wallmuller fails to show he is entitled to review of the urinalysis and/or breathalyzer testing community custody condition. Therefore, we decline to consider this argument.

C.     APPELLATE COSTS

Wallmuller asks that we refrain from awarding appellate costs if the State seeks them. The State represents that it does not intend to request appellate costs, and Wallmuller has prevailed on one of the issues on appeal. Therefore, we decline to impose appellate costs.

---

[4] RCW 10.01.160 was amended in 2018. Laws of 2018, ch. 269, § 6. Since those amendments do not affect our analysis, we cite to the current version of the statute.

## CONCLUSION

We remand to the trial court to vacate or correct the language in the community custody condition that prohibits Wallmuller from frequenting places where children congregate, but we affirm his sentence in all other respects.

_____
MAXA, C.J.

I concur:

_____
WORSWICK, J.

Lee, J. (concur in part and dissent in part) — I concur with the majority's opinion that the trial court did not err in either (1) imposing a community custody condition requiring him to bear the expense of random urinalysis and/or breathalyzer testing or (2) not ordering a new presentence investigation report at resentencing. However, I respectfully disagree with the majority's holding that the community custody condition prohibiting Wallmuller from frequenting places where children congregate is unconstitutionally vague.

The guarantee of due process, afforded by the Fourteenth Amendment to the United States Constitution and article I, section 3 of the Washington Constitution requires citizens to have fair warning of conduct proscribed. *State v. Bahl*, 164 Wn.2d 739, 752, 193 P.3d 678 (2008). A community custody condition is unconstitutionally vague if it (1) fails to provide ordinary people fair warning of the conduct proscribed or (2) does not provide definite standards to " 'protect against arbitrary enforcement.' " *Id.* at 752-53 (quoting *City of Spokane v. Douglass*, 115 Wn.2d 171, 178, 795 P.2d 693 (1990)). However, " 'a community custody condition is not unconstitutionally vague merely because a person cannot predict with complete certainty the exact point at which his actions would be classified as prohibited conduct.' " *State v. Padilla*, No. 94605-1, slip op. at 5-6 (Wash. May 10, 2018)[5] (quoting *State v. Sanchez Valencia*, 169 Wn.2d 782, 793, 239 P.3d 1059 (2010)).

A.      PRIOR CASES ADDRESSING THIS ISSUE

Our Supreme Court has rejected an unconstitutionally vagueness challenge to this condition. *See State v. Riles,* 135 Wn.2d 326, 349, 957 P.2d 655 (1998), *abrogated on other grounds by State v. Sanchez Valencia*, 169 Wn. 2d. 782, 239 P.3d 1059 (2010). In *Riles*, following a conviction for first degree rape of a child, the defendant was ordered to "*avoid places where*

---

[5] https://www.courts.wa.gov/opinions/pdf/946051.pdf

*children congregate*" and prohibited from "*frequent[*ing*] places where minors are known to congregate.*" 135 Wn. 2d at 333-34 (emphasis in original). In addressing a constitutional vagueness challenge to these conditions, our Supreme Court stated:

> The due process vagueness doctrine under UNITED STATES CONST. amend. 14, § 1 and CONST. art. I, § 3 has a twofold purpose: (1) to provide the public with adequate notice of what conduct is proscribed, and (2) to protect the public from arbitrary ad hoc enforcement. However, the constitution does not require "impossible standards of specificity" or "mathematical certainty" because some degree of vagueness is inherent in the use of our language. Thus, a vagueness challenge cannot succeed merely because a person cannot predict with certainty the exact point at which conduct would be prohibited.

*Id.* at 348 (footnotes omitted) (quoting *State v. Halstien*, 122 Wn.2d 109, 118, 857 P.2d 270 (1993)).[6] In applying this standard, the court held:

> The other two conditions Petitioner Riles challenges—avoid places where children congregate and not frequent places where minors are known to congregate—[] come within the prohibition specified in RCW 9.94A.120(9)(c)(ii). Petitioner claims this prohibition will bar him from all public places. The restriction applies only to places where children commonly assemble or congregate. We conclude the conditions imposed by the trial court limiting Petitioner Riles' access to children are appropriate and within its authority.

*Id.* at 349 (footnote omitted).

After *Riles*, in 2015, Division One of this court struck a community custody condition prohibiting a defendant from frequenting places where children congregate. *State v. Irwin*, 191 Wn. App. 644, 652, 364 P.3d 830 (2015). The *Irwin* court held that a condition which prohibited the defendant from "frequent[ing] areas where minor children are known to congregate, as defined by the supervising CCO" was unconstitutionally vague because it was not immediately clear what constituted an area where "children are known to congregate." *Id.* at 652, 654. The *Irwin* court reasoned that it was unclear whether this list included " 'public parks, bowling alleys, shopping

---

[6] While the *Riles* court also cited the legal proposition that the party challenging a prohibition has the burden of overcoming the presumption of constitutionality, the court's holding on the vagueness challenge was not based on Riles failing to meet his burden. 135 Wn.2d at 348-49.

malls, theaters, churches, hiking trails,' and other public places where there may be children." *Id.* at 654. The court held that absent "some clarifying language or an illustrative list of prohibited locations," the condition failed to provide ordinary people fair warning of the conduct proscribed. *Id.* at 655.

All three divisions of this court have subsequently applied the *Irwin* court's reasoning in assessing vagueness challenges to similar community custody conditions. While Division Two and Division Three of this court have consistently upheld conditions which provide the "illustrative list" showing what is meant by a location where children congregate, Division One has sometimes departed from its reasoning in *Irwin* and held conditions containing an illustrative list of prohibited locations to still be unconstitutionally vague.

   1. Division Two

Following *Irwin*, Division Two has consistently upheld community custody conditions that provide the "illustrative list of prohibited locations" that the *Irwin* court reasoned would provide an ordinary person sufficient notice to understand where "children are known to congregate." Division Two addressed this issue in three recent unpublished cases.

      a. *State v. Dossantos*

In *Dossantos*, Division Two rejected a vagueness challenge to a community custody condition that prohibited the defendant from going to or "frequent[ing] places where children congregate, (I.E. Fast-food outlets, libraries, theaters, shopping malls, play grounds and parks, etc.) unless otherwise approved by the Court." No. 47773-4, slip op. at 14 (Wash. Ct. App. Sept. 26, 2017) (unpublished),[7] *review denied*, 190 Wn.2d 1002 (2018). The court held that the condition

---

[7] http://www.courts.wa.gov/opinions/pdf/D2%2047773-4-II%20Unpublished%20Opinion.pdf

separated itself from the flawed condition in *Irwin* because it contained a series of examples, which illustrated what was meant by "places where children congregate." *Id.*

The *Dossantos* court held that the illustrative list of places where children congregate should give ordinary people fair warning of the conduct proscribed. *Id.* And the court noted that "a sentencing condition is not unconstitutionally vague merely because a person cannot predict its contours with complete certainty." *Id.* at 14-15.

### b. *State v. Starr*

Following *Dossantos*, Division Two upheld a condition prohibiting the defendant from entering or frequenting " 'business establishments or areas that cater to minor children without being accompanied by a responsible adult approved by the [Department of Corrections] DOC and [a] sexual deviancy treatment provider.' " *State v. Starr*, No. 49327-6, slip op. at 3 (Wash. Ct. App. Oct. 17, 2017) (unpublished).[8] The *Starr* court rejected a vagueness challenge to the condition because the sentencing court had provided examples of prohibited areas, including "video game parlors, parks, pools, skating rinks, school grounds or any areas routinely used by minors as areas of play/recreation, or any other area designated by DOC." *Id.* The *Starr* court acknowledged that such illustrative list was not exhaustive, but held that "[b]y including these lists, the conditions satisfied the first prong of the vagueness analysis." *Id.* at 6.

### c. *State v. Alvarez*

Most recently, Division Two rejected a vagueness challenge to a community custody condition prohibiting the defendant from frequenting " 'places where children congregate, (I.E. [sic] Fast-food outlets, libraries, theaters, shopping malls, play group s [sic] and parks, etc.) unless otherwise approved by the Court.' " *State v. Alvarez*, No. 48560-5, slip op. at 13 (Wash. Ct. App.

---

[8] http://www.courts.wa.gov/opinions/pdf/D2%2049327-6-II%20Unpublished%20Opinion.pdf

Mar. 27, 2018) (unpublished).[9] The *Alvarez* court also held that a sentencing condition is not impermissibly vague "merely because a person cannot predict its contours with complete certainty." *Id.* at 35. And the *Alvarez* court noted our Supreme Court's previous rejection of a vagueness challenge against a similar condition in *Riles*. *Id.*

    2.    Division Three

Like Division Two, Division Three has followed *Irwin* and upheld community custody conditions that contained an illustrative list of prohibited locations demonstrating what constitutes locations where children are known to congregate. *State v. Velazquez*, No. 34713-3, slip op. at 8 (Wash. Ct. App. Oct. 17, 2017) (unpublished);[10] *State v. Gaston*, No. 34719-2, slip op. at 3 (Wash. Ct. App. Dec. 14, 2017) (unpublished);[11] *State v. Guevara*, No. 34636-6, slip op. at 10 (Wash. Ct. App. Mar. 6, 2018) (unpublished);[12] *State v. Johnson*, No. 34928-4-III, slip op. at 9-10 (Wash. Ct. App. July 17, 2018) (published).[13] However, unlike Division Two, Division Three has consistently held the word "children" to be unconstitutionally vague and remanded to modify the community custody condition to prohibit the defendant from frequenting locations where "children under 16" are known to congregate. *Guevara*, No. 34636-6, slip op. at 10-11; *Velazquez*, No. 34713-3, slip op. at 8; *Gaston*, 34719-2, slip op. at 3-4.

---

[9] http://www.courts.wa.gov/opinions/pdf/D2%2048560-5-II%20Unpublished%20Opinion.pdf

[10] http://www.courts.wa.gov/opinions/pdf/347133_unp.pdf

[11] http://www.courts.wa.gov/opinions/pdf/347192_unp.pdf

[12] http://www.courts.wa.gov/opinions/pdf/346366_unp.pdf

[13] https://www.courts.wa.gov/opinions/pdf/349284_pub.pdf

In *Johnson*, Division Three rejected a vagueness challenge to a community custody condition that required the defendant to " '[a]void places where children congregate to include, but not limited to: parks, libraries, playgrounds, schools, school yards, daycare centers, skating rinks, and video arcades.' " *Johnson*, No. 34928-4-III, slip op. at 8 (Wash. Ct. App. July 17, 2018). The majority held that the condition provided Johnson sufficient notice to allow for compliance, even though the list of provided examples was not exhaustive. *Id.* at 9-10. The *Johnson* court held "[t]he fact that the list of prohibited places in [the community custody condition] is not exhaustive does not render it invalid." *Id.* at 9. Judge Fearing wrote a dissent in which he argued, as the majority holds here, that the condition was unconstitutionally vague because it did "not limit itself to an exclusive list of locations." *Id.* at 7 (Fearing, J., dissenting).

3.      Division One

Despite its holding in *Irwin*, Division One has held that community custody conditions containing its suggested "illustrative list of prohibited locations" to be insufficient to survive a vagueness challenge. *See State v. Hai Minh Nguyen*, No. 74358-9, slip op. at 13 (Wash. Ct. App. July 17, 2017) (unpublished);[14] *State v. Kirkwood*, No. 74777-1, slip op. at 12 (Wash. Ct. App. July 24, 2017) (unpublished),[15] *review denied*, 189 Wn.2d 1028 (2017).

---

[14] https://www.courts.wa.gov/opinions/pdf/743589.pdf

[15] http://www.courts.wa.gov/opinions/pdf/747771.pdf

First, in *Hai Minh Nguyen*, the community custody condition prohibited the defendant from entering " 'any parks/playgrounds/schools and or any places where minors congregate.' " *Hai Minh Nguyen*, No. 74358-9, slip op. at 13. Division One held that under *Irwin*, such a condition was unconstitutionally vague if it failed to specify " 'the exact off-limits locations.' " *Id.* (quoting *Irwin*, 191 Wn. App. at 655). The court then held that the " 'or any place where minors congregate' " portion of the condition should be stricken and modified to preclude the defendant from " 'entering parks, playgrounds, or schools where children congregate.' " *Id.*

Following *Hai Minh Nguyen*, Division One struck a condition barring the defendant from frequenting:

> [A]ll places where minors reside or congregate, including schools, playgrounds, childcare centers, church youth programs, parks and recreational programs, services used by minors, and locations frequented by minors, unless otherwise approved by the Department of Corrections with a sponsor approved by the Department of Corrections.

*Kirkwood*, No. 74777-1, slip op. at 10. The *Kirkwood* court reasoned that it had struck a "similar" community custody condition in *Irwin*.[16]  *Id.* at 11.

Following *Hai Minh Nguyen* and *Kirkwood*, Division One held that a condition prohibiting the defendant from entering " 'any parks/playgrounds/schools and or any places where minors congregate' " was unconstitutionally void for vagueness. *State v. Norris*, 1 Wn. App.2d 87, 95,

---

[16] And the *Kirkwood* court noted that *State v. Magana*, 197 Wn. App. 189, 389 P.3d 654 (2016), had since followed *Irwin* and held a similar community custody condition unconstitutionally vague "even though it enumerated several specific prohibited locations." *Kirkwood*, No. 74777-1, slip op. at 12. The *Kirkwood* court erroneously stated that *Magana* was a case from Division Two; *Magana* was decided by Division Three. And when Division One observed that Division Three had struck a similar condition "even though it enumerated several specific prohibited locations," the court misinterpreted Division Three's holding. *Kirkwood*, No. 74777-1, slip op. at 12. In *Magana*, Division Three did strike a condition that contained an illustrative list, but only because that condition "afford[ed] too much discretion to Mr. Magana's CCO." 197 Wn. App. at 201.

404 P.3d 83 (2017) (quoting *Irwin*, 191Wn. App. 644), *review granted*, 190 Wn.2d 1002 (2018). There, the court accepted the State's concession that " 'any places where minors congregate' " was unconstitutionally vague. *Id.* The *Norris* court agreed with the State that deleting " 'and or any places' " so that the condition read, " 'Do not enter any parks/playgrounds/schools where minors congregate,' " would cure the condition from being unconstitutionally vague. *Id.* at 95-96.

After deciding *Norris*, Division One addressed a vagueness challenge to the identical community custody condition at issue in *Norris*. *See State v. Bruno*, No. 74647-2, slip op. 13 (Wash. Ct. App. Nov. 6, 2017) (unpublished).[17] However, instead of only striking "and or any places" from the challenged condition (as the *Norris* court did), the *Bruno* court held the entire second clause "and or any places where minors congregate" to be unconstitutionally vague. *Id.* at 14. The *Bruno* court did not cite to *Norris* in reaching its holding. *Id.* at 13-14.

Following *Bruno*, Division One faced the same vagueness challenge to the identical community custody condition at issue in *Norris* and *Bruno*. *See State v. Santiago*, No. 74421-6, slip op. at 12 (Wash. Ct. App. Nov. 20, 2017) (unpublished).[18] Unlike the *Bruno* court, the *Santiago* court relied on the *Norris* holding to strike " 'and or any places' " from the condition as unconstitutionally vague. *Id.* at 12-13. The *Santiago* court held that the condition, " 'Do not enter any parks/playgrounds/schools where minors congregate' " listed specific prohibited locations and therefore was not void for vagueness. *Id.* at 13.

However, most recently, Division One upheld a community custody condition as not unconstitutionally vague because it contained an illustrative list of prohibited locations showing

---

[17] http://www.courts.wa.gov/opinions/pdf/746472.pdf

[18] http://www.courts.wa.gov/opinions/pdf/74421-6.pdf

what constituted " 'areas where minor children are known to congregate.' " *State v. Youderian*, No. 76359-8, slip op. at 12 (Wash. Ct. App. June 25, 2018) (unpublished).[19] There, the *Youderian* court reasoned that under *Irwin*, a community custody condition that contains an "illustrative list of prohibited locations" provides sufficient notice to understand what conduct is proscribed. *Id.* at 14. Thus, in its most recent holding, Division One has not interpreted its holding in *Irwin* as requiring the sentencing court to "specify[] the exact off-limits locations" in order to survive a constitutional vagueness challenge.

B.      Community Custody Condition Not Unconstitutionally Vague

The majority relies on *Norris*. However, the condition at issue in *Norris* was problematic even under the *Irwin* holding because it did not use " 'parks/playgrounds/schools' " as an illustrative list of prohibited locations. 1 Wn. App.2d at 95. Instead, the condition read: " 'Do not enter any parks/playgrounds/schools and or any places where minors congregate.' " *Id.* The use of "and or any places" suggested that "parks/playgrounds/schools" were separate from "places where minors congregate" and not an illustrative list of such places. Conversely, here, the condition uses parks, schools, and playgrounds as examples of locations where minors congregate.

Also problematic is that Division One's most recent approach in *Norris* would raise separate vagueness concerns. Modifying a community custody condition to read, "Do not enter any parks/playgrounds/schools where minors congregate" means a park is no longer an illustrative example of a kind of location where children congregate. Under *Norris*, the defendant is not prohibited from all parks, just those parks where children are known to congregate. The phrase "parks where minors congregate" suggests there are two types of parks—ones in which minors congregate and ones in which they do not. Perhaps these separate categories of parks do exist, but

---

[19] https://www.courts.wa.gov/opinions/pdf/763598.pdf

absent further clarifying language or an illustrative list of examples, a defendant may arguably be unable to distinguish between the two.

For these reasons, I would continue to follow *Irwin* and hold that an illustrative list of examples affords ordinary persons sufficient notice of the conduct proscribed. Thus, I respectfully dissent and would hold the challenged community custody condition is not unconstitutionally vague. Accordingly, I would affirm Wallmuller's sentence.



Lee, J.