# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In re the Personal Restraint Petition of:<br><br>JERRY DONALD MARSHALL,<br><br>                        Petitioner. | No. 52029-0-II<br><br><br><br>UNPUBLISHED OPINION |

MELNICK, J. — Jerry Marshall seeks relief from personal restraint imposed following his 2003 plea of guilty to first degree child molestation.[1] He argues that the following conditions of community custody should not have been imposed:

> • Consume no alcohol, if so directed by the [community corrections officer (CCO)].
> . . . .
> • Possess/access no sexual exploitive materials (as defined by Defendant's treating therapist or CCO.
> . . . .
> • Possess/access no pornography, sexually explicit materials, and/or information pertaining to minors via computer (i.e. internet).
> . . . .
> ☒ Have no contact with any children under the age of 18 without the presence of an adult who is knowledgeable of this conviction and who has been approved by Defendant's CCO.
> ☒ Do not loiter or frequent places where children congregate including, but not limited to, shopping malls, schools, playgrounds, and video arcades.
> . . . .
> ☒ Submit to periodic polygraph and plethysmograph exams at own expense at request of CCO or any treatment provider.

Br. of Resp't, App. D at 4.

---

[1] Because Marshall's judgment and sentence is facially invalid it is not subject to RCW 10.73.090's time bar.

The State concedes that the condition prohibiting possessing or accessing pornography is unconstitutionally vague under *State v. Bahl*, 164 Wn.2d 739, 754-58, 193 P.3d 678 (2008), and must be vacated. It also concedes that because sex offender treatment was not ordered in Marshall's sentence, the plethysmograph testing condition must be vacated under *State v. Land*, 172 Wn. App. 593, 605-06, 295 P.3d 782 (2013).

However, Marshall does not show that any of the other conditions must be vacated. The alcohol condition is permitted under former RCW 9.94A.700(5)(d) (2002) whether crime related or not. The prohibitions on possessing or accessing sexually exploitive or sexually explicit materials are not unconstitutionally vague. *State v. Nguyen*, 191 Wn.2d 671, 681, 425 P.3d 847 (2018). Because of the nature of his crime—taking a nine-year-old girl to his house, laying on top of her, and attempting to take her shirt off—the restriction on contact with children, including his own children, was within the trial court's discretion. *State v. Riles*, 135 Wn.2d 326, 347, 957 P.2d 655 (1998), *abrogated on other grounds by State v. Valencia*, 169 Wn.2d 782, 239 P.3d 1059 (2010). The condition restricting him from frequenting places where minors congregate contains examples of such places and therefore is not unconstitutionally vague under *State v. Irwin*, 191 Wn. App. 644, 655, 364 P.3d 830 (2015).[2] Finally, the trial court had the discretion to order polygraph testing. *Riles*, 135 Wn.2d at 342-43.

---

[2] We recognize that there is a split of authority as to the validity of this condition. We agree with the dissent in *State v. Wallmuller*, 4 Wn. App. 2d 698, 705, 423 P.3d 282 (2018), *review granted*, 192 Wn.2d 1009 (2019). We also find persuasive the reasoning in the unpublished case, *State v. Starr*, 49327-6-II (Wash. Ct. App. Oct. 17, 2017) (unpublished), http://www.courts.wa.gov/opinions/.

2

We remand Marshall's judgment and sentence to the trial court with instructions to strike the pornography and plethysmograph testing conditions. In all other respects, we deny Marshall's petition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

                                                              Melnick, J.

I concur:

Glasgow, J.

MAXA, C.J. (dissenting in part) — I agree with the majority opinion except with regard to the "places where children congregate" community custody condition. For the reasons stated in this court's opinion in *State v. Wallmuller*, 4 Wn. App. 2d 698, 423 P.3d 282 (2018), *review granted*, 192 Wn.2d 1009 (2019), I would hold that this condition is unconstitutionally vague and should be stricken.

Maxa, C.J.