# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 51565-2-II |
| Respondent, | |
| v. | |
| RICHARD ARLEY FISHER, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, P.J. — Richard Fisher was convicted of 16 sex offenses related to the abuse of his stepdaughter and others. The abuse spanned nearly a decade. Fisher appeals certain conditions of his judgment and sentence.

Fisher argues, and the State concedes, that the trial court did not conduct the required analysis to impose a community custody condition that completely severed his fundamental right to parent all lineal relatives. He next contends that the trial court erred by imposing a condition that prohibits him from frequenting areas where minors congregate. Finally, Fisher argues, and the State concedes, that the trial court should reconsider the imposition of his legal financial obligations (LFOs).

We affirm in part, reverse in part, and remand for resentencing.

FACTS

Fisher sexually abused his stepdaughter for most of her childhood. He also abused other family members. The State charged him with 16 sex offenses and alleged aggravating factors.

The jury convicted Fisher on all counts. It also found that the State proved the aggravating factors beyond a reasonable doubt.

The State sought an exceptional sentence of 540 months. Fisher asked for a standard range sentence.

The court sentenced Fisher to an exceptional sentence of 480 months to life imprisonment. The court also imposed community custody conditions. The court ordered that Fisher have "[n]o contact with any lineal relatives . . . , including adult children." Clerk's Papers (CP) at 341. In imposing the condition, the court did not discuss any less restrictive alternatives.

The court also ordered that Fisher "not enter into or frequent business establishments or locations that cater to minor children or locations where minors are known to congregate . . . [including] video game parlors, parks, pools, skating rinks, school grounds, malls or any areas routinely used by minors as areas of play/recreation." CP at 340.

Additionally, the court found Fisher indigent and stated that it would only impose the mandatory minimum LFOs. It imposed a jury demand fee, domestic violence fee, and criminal filing fee. Additionally, the court ordered that interest accrue on the financial obligations until paid in full. Fisher appeals.

## ANALYSIS

### I.   NO CONTACT WITH LINEAL RELATIVES

Fisher argues that the trial court erred by imposing a lifetime no contact order that prohibits all contact with his lineal relatives, which includes his minor and adult children and any grandchildren.

The State concedes that the trial court did not conduct an adequate analysis on the record to impose the condition. We accept the State's concession.

RCW 9.94A.505(9) authorizes a trial court to impose "crime-related prohibitions" as a condition of a sentence. A "crime-related prohibition" prohibits "conduct that directly relates to the circumstances of the crime for which the offender has been convicted." RCW 9.94A.030(10).

We review the imposition of crime-related prohibitions under an abuse of discretion standard. *In re Pers. Restraint of Rainey*, 168 Wn.2d 367, 374, 229 P.3d 686 (2010). However, "[m]ore careful review of sentencing conditions is required where those conditions interfere with a fundamental constitutional right." *State v. Warren*, 165 Wn.2d 17, 32, 195 P.3d 940 (2008).

If a condition interferes with a fundamental right, it "must be reasonably necessary to accomplish the essential needs of the State and public order." *Warren*, 165 Wn.2d at 32. Such conditions "must be narrowly drawn" and "[t]here must be no reasonable alternative way to achieve the State's interest." *Warren*, 165 Wn.2d at 34-35. A trial court may impose a condition affecting a fundamental right to parent if it is reasonably necessary to prevent harm to a child. *State v. Howard*, 182 Wn. App. 91, 101, 328 P.3d 969 (2014).

The condition at issue here interfered with Fisher's fundamental right to parent. *Warren*, 165 Wn.2d at 34. However, the trial court did not set forth an explanation as to whether the condition was reasonably necessary to achieve the compelling state interest in protecting Fisher's lineal relatives from harm. Furthermore, the trial court did not analyze whether less restrictive alternatives exist which would achieve the State's interest.

Accordingly, we conclude the trial court erred by failing to consider whether prohibiting Fisher from all contact with his lineal relatives is reasonably necessary to achieve the State's interest and whether any less restrictive alternatives exist.

II.   WHERE MINORS CONGREGATE

Fisher argues that the trial court erred by imposing a community custody condition that prohibits him from frequenting places where minors congregate because the condition is unconstitutionally vague. We disagree.

A community custody condition is unconstitutionally vague if it fails to (1) provide ordinary people fair warning of the proscribed conduct or (2) have standards that are definite enough to "'protect against arbitrary enforcement.'" *State v. Bahl*, 164 Wn.2d 739, 752-53, 193 P.3d 678 (2008) (quoting *City of Spokane v. Douglass*, 115 Wn.2d 171, 178, 795 P.2d 693 (1990)).

In *State v. Irwin*, 191 Wn. App. 644, 652, 655, 364 P.3d 830 (2015), the court struck down a community custody condition that stated: "Do not frequent areas where minor children are known to congregate, as defined by the supervising [community corrections officer]." The court reasoned that "[w]ithout some clarifying language or an illustrative list of prohibited locations . . . , the condition does not give ordinary people sufficient notice to 'understand what conduct is proscribed.'" *Irwin*, 191 Wn. App. at 655 (internal quotation marks omitted) (quoting *Bahl*, 164 Wn.2d at 753).

Here, the community condition prohibiting Fisher from frequenting places where minors congregate contains an illustrative list of prohibited locations. Therefore, we conclude that the condition is not unconstitutionally vague under *Irwin*.[1]

---

[1] We recognize that there is a split of authority as to the validity of this condition. We agree with the dissent in *State v. Wallmuller*, 4 Wn. App. 2d 698, 704-14, 423 P.3d 282 (2018) (Lee, J., dissenting), *review granted*, 192 Wn.2d 1009 (2019). We also find persuasive the reasoning in the unpublished case, *State v. Starr*, No. 49327-6-II (Wash. Ct. App. Oct. 17, 2017) (unpublished), http://www.courts.wa.gov/opinions/.

III.    LFOs

Fisher argues that the trial court erroneously imposed discretionary LFOs on him.  The State agrees that we should remand for the trial court to reconsider the imposition of discretionary LFOs.  We accept the State's concession.  Accordingly, we remand for the trial court to reconsider the imposition of all LFOs in light of the 2018 amendments to the LFO statutes, Laws of 2018, ch. 269, and *State v. Ramirez*, 191 Wn.2d 732, 747, 426 P.3d 714 (2018).

We affirm in part, reverse in part, and remand for resentencing.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, P.J.

We concur:

_____
Sutton, J.

_____
Glasgow J.