

FILE
IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON

DATE SEP 2 6 2019

CHIEF JUSTICE

This opinion was
filed for record
at 8am on Sept 26, 2019

Susan L. Carlson
Supreme Court Clerk

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | NO. 96313-4 |
| Petitioner, | |
| v. | EN BANC |
| FRANK A. WALLMULLER, | |
| Respondent. | Filed    SEP 2 6 2019 |

STEPHENS, J.—The Court of Appeals held that a community custody condition barring a defendant from "places where children congregate" is inherently vague, in violation of due process, unless it is cabined by an exclusive list of specific prohibited places. We hold that this was error. While an illustrative list of prohibited places serves to clarify and define such a condition, crafting an exclusive list is neither constitutionally required nor practically possible. We reverse the Court of Appeals and uphold the challenged condition.

## FACTS

Frank Wallmuller pleaded guilty in 2014 to first degree rape of a child and sexual exploitation of a minor. He successfully appealed on grounds of sentencing error and imposition of improper community custody conditions, and the Court of Appeals remanded for correction of those errors. *State v. Wallmuller*, No. 46460-8-II, slip op. at 4-5 (Wash. Ct. App. Nov. 17, 2015) (unpublished), http://www.courts.wa.gov/opinions/pdf/D2%2046460-8-II%20Unpublished%20Opinion.pdf. On remand, the trial court struck the challenged community custody conditions, which related to pornography and businesses selling liquor,[1] but reimposed three of the original conditions relating to contact with children. Those conditions read:

(15)     The defendant shall not have contact with minor children under the age of 18 years unless in the presence of a responsible adult who is capable of protecting the child <u>and</u> is aware of the conviction, <u>and</u> contact has been approved by the Community Corrections Officer <u>and</u> the sexual offender's treatment therapist in advance;

(16)     The defendant shall not participate in youth programs, to include, but not limited to, sports programs, scouting programs, and school programs;

(17)     The defendant shall not loiter in nor frequent places where children congregate such as parks, video arcades, campgrounds, and shopping malls.

---

[1] The Court of Appeals held these conditions were insufficiently crime related in violation of the Sentencing Reform Act of 1981, ch. 9.94A RCW. *Wallmuller*, No. 46460-8-II, slip op. at 4-5.

Clerk's Papers at 25 (boldface omitted). Wallmuller did not object to any of these conditions at the resentencing hearing. On appeal, however, he challenged the condition in paragraph 17 on the ground that it is unconstitutionally vague.

A divided Court of Appeals agreed and remanded for the trial court to vacate or modify the condition. *State v. Wallmuller*, 4 Wn. App. 2d 698, 703-04, 423 P.3d 282 (2018). The majority reasoned that the phrase "places where children congregate" is vague because it

> gives rise to several questions: (1) Must the children join together in a formal group to "congregate," or is it sufficient that children be at the same place even if they are unconnected? (2) Similarly, must the children intend to join together with other children to "congregate," or can they end up at the same place by happenstance? (3) How many children are required to congregate to invoke the condition? Is two enough, or is some unstated larger number required? (4) How often must children congregate in a place to invoke the condition? Is once enough, or is some unstated frequency required? (5) Assuming that children must have actually rather than potentially congregated at a place to invoke the condition, how recently must they have congregated there? Is one prior instance of children congregating in a place sufficient regardless of when it occurred?

*Id.* at 703. The court concluded that, because it was impossible to answer these questions, the nonexclusive list of specific prohibited places in Wallmuller's condition was insufficient to cure its inherent vagueness. *Id.* A dissenting judge would have upheld the condition, observing that the condition would put an ordinary person on notice of the prohibited conduct. *Id.* at 714 (Lee, J., dissenting).

We granted the State's petition for review. *State v. Wallmuller*, 192 Wn.2d 1009, 432 P.3d 794 (2019).

ANALYSIS

Conditions of community custody may be challenged for the first time on appeal and, where the challenge involves a legal question that can be resolved on the existing record, preenforcement. *State v. Padilla*, 190 Wn.2d 672, 677, 416 P.3d 712 (2018) (citing *State v. Bahl*, 164 Wn.2d 739, 744, 193 P.3d 678 (2008)). An appellate court reviews community custody conditions for abuse of discretion. *Id.* (citing *State v. Irwin*, 191 Wn. App. 644, 652, 364 P.3d 830 (2015)). A trial court necessarily abuses its discretion if it imposes an unconstitutional community custody condition, and we review constitutional questions de novo. *Id.*

Under the due process principles of the Fourteenth Amendment to the United States Constitution and article I, section 3 of the Washington Constitution, "[a] legal prohibition, such as a community custody condition, is unconstitutionally vague if (1) it does not sufficiently define the proscribed conduct so an ordinary person can understand the prohibition or (2) it does not provide sufficiently ascertainable standards to protect against arbitrary enforcement." *Id.* (citing *Bahl*, 164 Wn.2d at 752-53). "'[A] . . . condition is not unconstitutionally vague merely because a person cannot predict with complete certainty the exact point at which his actions would be

classified as prohibited conduct.'" *Id.* (internal quotation marks omitted) (quoting *State v. Sanchez Valencia*, 169 Wn.2d 782, 793, 239 P.3d 1059 (2010)). Instead, both "'the Fourteenth Amendment and article I, section 3 of the state constitution require[] that citizens have fair warning of proscribed conduct.'" *Sanchez Valencia*, 169 Wn.2d at 791 (quoting *Bahl*, 164 Wn.2d at 752). That standard is satisfied where "ordinary people can understand what is and is not allowed, and are protected against arbitrary enforcement." *Id.* (citing *Bahl*, 164 Wn.2d at 752-53 (quoting *City of Spokane v. Douglass*, 115 Wn.2d 171, 178, 795 P.2d 693 (1990) (citing *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S. Ct. 1855, 75 L. Ed. 2d 903 (1983)))). For purposes of the vagueness doctrine, our cases do not distinguish between state and federal protections, *see, e.g., id.*, and the parties to this case do not argue any such distinction.[2]

Several appellate decisions in recent years have considered vagueness challenges to community custody conditions similar to the one at issue here, including *Irwin*, 191 Wn. App. 644, and *State v. Norris*, 1 Wn. App. 2d 87, 404 P.3d

---

[2] The vagueness doctrine applicable to the federal government is mandated by the Fifth Amendment's due process clause and is identical to the doctrine applicable to the states through the Fourteenth Amendment. *See Welch v. United States*, ___ U.S. ___, 136 S. Ct. 1257, 1261-62, 194 L. Ed. 2d 387 (2016) (both the Fifth and Fourteenth Amendments prohibit governments "from imposing sanctions 'under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement'" (quoting *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 2556, 192 L. Ed. 2d 569 (2015))).

83 (2017) *rev'd in part on other grounds by State v. Hai Minh Nguyen*, 191 Wn.2d 671, 687-88, 425 P.3d 847 (2018). In *Irwin*, the court held unconstitutionally vague a condition that read, "'Do not frequent areas where minor children are known to congregate, as defined by the supervising [community corrections officer (CCO)].'" 191 Wn. App. at 649 (alteration in original). It reasoned that "[w]ithout some clarifying language or *an illustrative list of prohibited locations* . . . ordinary people cannot understand what conduct is proscribed . . . [and] the condition [is] vulnerable to arbitrary enforcement" by the CCO. *Id.* at 655 (emphasis added). Later, in *Norris*, the court invalidated a condition that stated, "'Do not enter any parks/playgrounds/schools and or any places where minors congregate.'" 1 Wn. App. 2d at 95. With no explanatory analysis, the court accepted the State's concession that the condition was vague under *Irwin* and struck the phrase "'and or any places,'" so that the condition would read, "'Do not enter any parks/playgrounds/schools where minors congregate.'" *Id.* at 95-96. This revision to the condition suggests that the court was concerned with the alternative "and or" phrasing that arguably left the phrase, "where children congregate" unmodified.

Expressly relying on *Irwin* and *Norris*, the Court of Appeals majority in this case held that the phrase "'places where children congregate'" is so inherently vague that a "short [nonexclusive] list" of exemplifying places cannot render it

constitutional. *Wallmuller*, 4 Wn. App. 2d at 703. The majority acknowledged that *Irwin* was "arguably" distinguishable because it involved a condition with no list of exemplifying places but concluded that, because the "short list" in the condition at issue in *Norris* did not cure vagueness, Wallmuller's condition was unconstitutionally vague under both *Irwin* and *Norris*. *Id.* This analysis is flawed for two reasons.

First, the Court of Appeals majority purports to follow *Norris*, without recognizing that the modified condition approved in *Norris* would suffer from the same vagueness problem the majority identifies in Wallmuller's condition. That vagueness inheres in the term "congregate," which the court describes as posing unanswerable questions, such as "[h]ow many children are required to congregate . . . [and] [h]ow often must children congregate . . . to invoke the condition?" *Id.* The condition approved in *Norris*—"'[d]o not enter any parks, playgrounds, or schools where minors congregate,'" 1 Wn. App. at 96—begs all these questions. It is therefore impossible to tell what rule the majority below actually applied in this case. The majority's holding amounts to a rule against nonexclusive lists,[3] which may be consistent with *Norris*'s (unexplained) result, but its reasoning suggests a prohibition on the word "congregate," which cannot be reconciled with *Norris*.

---

[3] *Wallmuller*, 4 Wn. App. 2d at 703 (short list of prohibited places cannot cure vagueness of condition that "contains the phrase 'such as' before its list").

Second, in addition to its misalignment with the case it purports to apply, the majority's reasoning and holding conflicts with the overwhelming consensus among federal courts addressing conditions similar to the one at issue here. These courts uniformly uphold conditions that bar offenders from places where children "congregate" and provide nonexclusive lists of illustrative examples. *E.g.*, *United States v. Zobel*, 696 F.3d 558, 575 (6th Cir. 2012) (rejecting vagueness challenge to probation condition stating that appellant "'shall be prohibited from loitering where minors congregate, such as playgrounds, arcades, amusement parks, recreation parks, sporting events, shopping malls, swimming pools, etc.'"); *United States v. Burroughs*, 392 U.S. App. D.C. 68, 613 F.3d 233, 246 & n.3 (2010) (rejecting vagueness challenge to condition barring appellant from having "'direct, or indirect, contact with children . . . [or] loitering in any place where children congregate, including but not limited to residences, arcades, parks, playgrounds, and schools,'" after clarifying that condition would be construed so as not to bar incidental or unknowing contact (italics omitted)); *United States v. MacMillen*, 544 F.3d 71, 74 (2d Cir. 2008) (rejecting vagueness challenge to supervised release condition stating that "'[t]he Defendant shall avoid and is prohibited from being on [sic] any areas or locations where children are likely to congregate[,] such as schools, daycare facilities, playgrounds, theme parks, arcades, recreational facilities, and recreational

-8-

parks, unless prior approval has been obtained from the probation office'" (alterations in original)); *United States v. Taylor*, 338 F.3d 1280, 1286 (11th Cir. 2003) (rejecting vagueness challenge to a provision that prohibited appellant from "'entering into any area where children frequently congregate, including schools, day care centers, theme parks, playgrounds, etc.'"); *United States v. Ristine*, 335 F.3d 692, 696 (8th Cir. 2003) (rejecting vagueness challenge to provision barring appellant from "'places where minor children under the age of 18 congregate, such as residences, parks, beaches, pools, daycare centers, playgrounds, and schools without the prior written consent of the probation officer,'" and explaining that provision will be interpreted consistent with its intent—to restrict access to children—and therefore not to bar him from *all* residences); *see also United States v. Paul*, 274 F.3d 155, 166-67 (5th Cir. 2001) (rejecting vagueness challenge to condition barring appellant from "'places, establishments, and areas frequented by minors'"). These courts reason that the vagueness doctrine requires *fair* notice but does not mandate conditions that "'describe every possible permutation, or . . . spell out every last, self-evident detail.'" *MacMillen*, 544 F.3d at 76 (alteration in original) (quoting *United States v. Johnson*, 446 F.3d 272, 280 (2d Cir. 2006)). They uphold conditions with nonexclusive lists of prohibited places because they recognize that "it would be impossible to list . . . every specific location that [an

offender] is prohibited from frequenting." *Paul*, 274 F.3d at 167. This consensus

reflects the principle, long recognized by this court and the United States Supreme

Court, that due process does not require "impossible standards of specificity," *City*

*of Seattle v. Eze*, 111 Wn.2d 22, 26-27, 759 P.2d 366 (1988) (citing *Kolender*, 461

U.S. at 361). Instead, in the context of community custody, courts may enforce

"commonsense" restrictions, including those that use nonexclusive lists to elucidate

general phrases like "where children congregate." *See Paul*, 274 F.3d at 167

("'conditions of probation can be written—and must be read—in a commonsense

way'" (quoting *United States v. Gallo*, 20 F.3d 7, 12 (1st Cir. 1994))); *Wilfong v.*

*Commonwealth*, 175 S.W.3d 84, 101 (Ky. Ct. App. 2004) (rejecting vagueness

challenge to condition prohibiting appellant from "residing near, visiting or being in

or about parks, schools, day care centers, swimming pools, beaches, theaters, or

other places where children congregate," and noting that "[a] commonsense reading

. . . suggests an interplay between the several places listed and the reference to

locations where children congregate," making the prohibition "sufficiently

precise").

Division Three joined this consensus in *State v. Johnson*, where it upheld a

community custody condition that required the appellant to avoid "'places where

children congregate to include, but not limited to: parks, libraries, playgrounds,

schools, school yards, daycare centers, skating rinks, and video arcades.'" 4 Wn. App. 2d 352, 360, 421 P.3d 969 (2018). The *Johnson* court correctly noted that, consistent with federal precedent, a clarifying list of prohibited places need not be *exclusive* (i.e., exhaustive) to survive a vagueness challenge. *Id.* (citing *Paul*, 274 F.3d at 166-67). Citing no authority other than *Irwin* and *Norris*, the Court of Appeals majority in this case rejected *Johnson* as "[un]persuasive." *Wallmuller*, 4 Wn. App. 2d at 704. This was error.

*Irwin*, *Johnson*, and *Norris* are in fact consistent with one another and with the federal consensus—the only outlier is the Court of Appeals majority's decision in this case. The court in *Irwin* properly recognized that the phrase "where children . . . congregate" is vague standing on its own. 191 Wn. App. at 649, 655. Under *Johnson*, such a phrase is sufficiently specific when modified by a nonexclusive list of places illustrating its scope. 4 Wn. App. 2d at 360. These holdings are both consistent with the myriad federal cases discussed herein. *Norris* is somewhat different because it addresses a condition with "and or" connecting the "congregate" clause and the list of prohibited places: "'Do not enter any parks/playgrounds/schools and or any places where minors congregate.'" 1 Wn. App. 2d at 95. While the opinion contains no analysis of the court's reason for accepting the State's concession as to vagueness, its rewrite of the condition

eliminates the "and or" and connects the "congregate" clause with the specified locations. 1 Wn. App. 2d at 95-96. At least one federal court has found a condition with a similar disjunctive "or" to be vague on the ground that it is not clear whether the list of specific places modifies the general "congregate" clause. *See United States v. Peterson*, 248 F.3d 79, 86 (2d Cir. 2001) ("condition which prohibits [appellant] from 'being on any school grounds, child care center, playground, park, recreational facility or in any area in which children are likely to congregate'" is vague because "[i]t is not clear whether the clause 'in which children are likely to congregate' applies only to 'any area,' or to the other places listed"). This holding, too, is completely consistent with the federal consensus, including the federal precedent cited in *Johnson*, 4 Wn. App. 2d at 360. *See Paul*, 274 F.3d at 166 (upholding condition with nonexclusive list because it "is not ambiguous in the manner of the provision at issue in *Peterson*"), *cited in Johnson*, 4 Wn. App. 2d at 360.

Contrary to the Court of Appeals' putative reliance on existing case law, the rule it announced does not rest on *Irwin* or *Norris*. On the one hand, it goes much farther than these cases and consistent federal precedent to require sentencing courts to specifically list every place a person convicted of victimizing children is prohibited from loitering. On the other hand, it suggests that even such a list cannot

cure the inherent vagueness in the term "congregate." This exceeds the mandate of due process and the long-standing principle that the vagueness doctrine does not require impossible precision. There are doubtless a number of ways that the challenged community condition in paragraph 17 of Wallmuller's sentence could be drafted, but reading this condition in a commonsense way and in the context of the other conditions, an ordinary person can understand the scope of the prohibited conduct.

## CONCLUSION

The condition challenged here, including its nonexclusive list of "places where children congregate," satisfies due process. It puts an ordinary person on notice that they must avoid places where one can expect to encounter children, and it does not invite arbitrary enforcement. Accordingly, we reverse the Court of Appeals and uphold the condition.

_____ Stephens, J.

WE CONCUR:

_____ Fairhurst, C.J.

_____ González, J.

_____ Madsen, J.

_____ Owens, J.

No. 96313-4

WIGGINS, J. (dissenting)—One of the community custody conditions imposed by the superior court was that defendant Frank A. Wallmuller "shall not loiter in nor frequent places where children congregate such as parks, video arcades, campgrounds, and shopping malls." The majority holds that this condition is not unconstitutionally vague. I respectfully disagree. This language does not "sufficiently define the proscribed conduct so an ordinary person can understand the prohibition." *State v. Padilla*, 190 Wn.2d 672, 677, 416 P.3d 712 (2018). The condition is unconstitutionally vague, and we should affirm the Court of Appeals. I would also provide guidance to our trial courts to assist them in crafting community custody conditions.

ANALYSIS

Due process requires that any legal prohibition "sufficiently define the proscribed conduct so an ordinary person can understand the prohibition" and "provide sufficiently ascertainable standards to protect against arbitrary enforcement." *Padilla*, 190 Wn.2d at 677. A prohibition that does not meet those standards is unconstitutionally vague under both the state and federal due process clauses. *E.g.*, *State v. Bahl*, 164 Wn.2d 739, 752-53, 193 P.3d 678 (2008) (not distinguishing

between federal and state constitutional protections); *see also Kolender v. Lawson,* 461 U.S. 352, 357, 103 S. Ct. 1855, 75 L. Ed. 2d 903 (1983) (employing essentially the same analysis we used in *Padilla*).

When we interpret and determine the constitutionality of a sentencing condition, we do not don blinders and look only at the challenged condition. *See Bahl,* 164 Wn.2d at 754. Rather, we consider the placement of the condition within the judgment and sentence. *See id.* ("In deciding whether a term is unconstitutionally vague, the terms are not considered in a 'vacuum,' rather, they are considered in the context in which they are used."). Reading Wallmuller's challenge to condition 17 in the context of Wallmuller's other community custody conditions reveals the relationship among them:

> (15) The defendant shall not have contact with minor children under the age of 18 years unless in the presence of a responsible adult who is capable of protecting the child <u>and</u> is aware of the conviction, <u>and</u> contact has been approved by the Community Corrections Officer <u>and</u> the sexual offender's treatment therapist in advance;
> (16) The defendant shall not participate in youth programs, to include, but not limited to, sports programs, scouting programs, and school programs;
> (17) The defendant shall not loiter in nor frequent places where children congregate such as parks, video arcades, campgrounds, and shopping malls;
> . . . .
>
> (25) The defendant shall have no contact, either direct or indirect, with the victim(s) . . . or members of the victim's immediate family, including but not limited to contact in person, by mail, telephonically, or through third parties (Lifetime).

Condition 25 protects the victims by prohibiting Wallmuller from contacting the victims or their families by any means. Condition 15 prohibits Wallmuller from having

2

contact with any minor child unless in the presence of a responsible adult and the contact is approved in advance by the community corrections officer and Wallmuller's therapist. Condition 16 prohibits participation in youth programs, and condition 17 prohibits Wallmuller from loitering or frequented in places where children congregate, giving four examples of such places.

Condition 25, limiting Wallmuller's contact with the victim, and condition 15, limiting his contact with minors generally, are perhaps the most important conditions. Condition 16 limits his participation in youth programs. Wallmuller, however, does not challenge conditions 15, 16, or 25, instead limiting his challenge to condition 17.

I would hold that condition 17 is vague for two reasons: (1) the phrase "places where children congregate such as" is vague and (2) the list following that phrase is rendered vague by the "such as" clause.

First, the phrase "places where children congregate" is vague because it is almost unlimited in scope and fails to provide sufficient guidance. Do "places where children congregate" include schools, playgrounds, and the like? Does it include bookstores that have children's sections? Does it include "'public parks, bowling alleys, shopping malls, theaters, churches, [and] hiking trails'"—or does it exclude them? *State v. Irwin*, 191 Wn. App. 644, 654-55, 364 P.3d 830 (2015) (holding that the phrase "where children congregate" is unconstitutionally vague). The language raises more questions than it answers. The condition thus leaves Wallmuller with only supposition about what this term might mean. Therefore, an ordinary person cannot

3

understand what this prohibits. *Padilla*, 190 Wn.2d at 677. The term is therefore vague. *See id.*

The majority does not expressly analyze whether the language "places where children congregate" is vague. *See* majority at 7. Instead, the majority criticizes the Court of Appeals for holding that the phrase was vague because the word "congregate" is vague. *Id.* But the question of whether the Court of Appeals' analysis was wrong fails to resolve the question of whether the phrase itself is vague—which it undoubtedly is.

Second, the illustrative list in the challenged condition is vague because the term "such as" in the list of prohibited places is followed by a list of unrelated terms. "Such as" means "of a kind or character about to be indicated, suggested, or exemplified." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2283 (2002). Webster's gives examples:

> **1a** : of a kind or character about to be indicated, suggested, or exemplified <will do [such] things as counsel an immigrant on buying a second-hand car . . . > <a bag [such] as a doctor carries> <coarse fish, [such] as carp, catfish, and the like. . . .>

*Id.*

In other words, phrases following a "such as" clause are meant not only to be a list but also to have a discernable pattern. Otherwise, the listed terms become random and unhelpful. *See Sessions v. Dimaya*, 584 U.S. __, 138 S. Ct. 1204, 1221, 200 L. Ed. 2d 549 (2018) (indicating that when a list is "too varied to provide . . . assistance," the list is vague); *Padilla*, 190 Wn.2d at 680-81 (a vague definition does not cure a vague term of its vagueness).

4

Here, there is no such pattern in the items following the "such as" clause. Therefore, it is vague. For instance, what is something "such as" a campground? A trailer park? A hotel? What is something "such as" a shopping mall? A strip mall? A department store? What about stores that are often, but not exclusively, found in malls, like Old Navy? What is something "such as" a video arcade? A movie theater? What about an adults-only theater? And what is something "such as" all of those places combined? No common theme unifies these disparate terms. No pattern can be discerned from this list to allow Wallmuller to predict where he may not go.

This problem is worsened by the list's failure to include commonsense places such as schools and playgrounds. If *schools* are absent, one must wonder what *other* places are absent as well? A list so truncated and devoid of what seems to be the obvious areas where children *do* congregate invites too much speculation on the part of the person under its proscription. (Indeed, a list including *only* "places such as schools and playgrounds" would provide more guidance than the list here.) An ordinary person cannot predict what this list prohibits. It is therefore vague. *Padilla*, 190 Wn.2d at 677.

Instead of analyzing the language of the community custody condition, the majority argues that this list is not vague because of what it calls the "federal consensus." Majority at 11. This "federal consensus," the majority asserts, shows that federal courts of appeals have repeatedly held that lists allegedly similar to the one here are not vague. *Id.* at 8-9.

However, the lists in the majority's "federal consensus" are largely distinct from the list here. The lists in the federal cases cited by the majority closely resemble the list approved of by our Court of Appeals in *State v. Johnson*, 4 Wn. App. 2d 352, 360-61, 421 P.3d 969 (2018),[1] and that list was far more substantial than the list here. *Johnson* dealt with a condition that commanded an individual to "'[a]void places where children congregate to include, but not limited to: parks, libraries, playgrounds, schools, school yards, daycare centers, skating rinks, and video arcades.'" *Id.* at 356. The list here, by contrast, reads, "The defendant shall not loiter in nor frequent places where children congregate such as parks, video arcades, campgrounds, and shopping malls." The *Johnson* list and the federal lists that it resembles are longer and provide discernible patterns, allowing ordinary people to understand what is prohibited. But when, as here, a nonexclusive list fails to provide such guidance, the list is vague.

The majority's approach not only incorrectly resolves the question before us, it also provides insufficient guidance to future courts and litigants, ensuring that the Court of Appeals and this court will repeatedly encounter similar cases in the future. Instead of interpreting community custody conditions on an ad hoc, individualized basis, we should adopt a safe harbor rule that protects some community custody conditions from vagueness challenges.

As discussed above, the problem with condition 17 is that it prohibits Wallmuller from entry into unspecified "places where children congregate." The boundaries of this

---

[1] The list in *United States v. Paul*, 274 F.3d 155, 166-67 (5th Cir. 2001), excepted.

prohibition are unclear because the list following the "such as" clause has no discernible pattern and is nonexclusive. By contrast, if the list were exclusive, listing only specific places Wallmuller must avoid, the potential for vagueness would be greatly reduced. For example, condition 17 might be revised to read, "The defendant shall not loiter in nor frequent parks, video arcades, campgrounds, and shopping malls when children are present." The Court of Appeals adopted just such an approach in *State v. Norris*, 1 Wn. App. 2d 87, 95, 404 P.3d 83 (2017), *aff'd in part and reversed in part by State v. Hai Minh Nguyen*, 191 Wn.2d 671, 425 P.3d 847 (2018). In *Norris*, the Court of Appeals accepted the State's concession that "'any parks/playgrounds/schools and or any places where minors congregate'" was vague, but the court approved of an alternative: "'any parks/playgrounds/schools where minors congregate.'" *Id.* at 95. Under such an approach, instead of asking whether a particular location is "such as" the four examples listed in condition 17, Wallmuller would need only to consult the list to know where he can or cannot go.

One might question resort to exclusive lists on the ground that a trial court cannot possibly list all the places Wallmuller might encounter children. This might be a valid criticism were it not for the other community custody conditions also imposed on Wallmuller, banning contact with minor children and prohibiting participation in activities likely to bring him into contact with minor children. With the additional backstop protection of the other conditions, an exclusive list need not list dozens upon dozens of locations to secure the State's goal of protecting children.

7

I would therefore hold that exclusive lists are not vague (unless the terms within them are themselves vague). With this rule, courts and litigants would often be spared the trouble of attempting to divine whether a community custody condition is vague. Instead, they would know that a nonexclusive list is not vague, saving everyone time and trouble.

These conclusions would fit with Court of Appeals precedent. As in *Irwin*, we would hold the term "places where children congregate" is unconstitutionally vague, absent an illustrative list. 191 Wn. App. at 655. As in *Johnson*, we would not prohibit all illustrative lists, but we would imply that lists like that in *Johnson* remain constitutional. 4 Wn. App. 2d at 361-62. Finally, we would clarify what the Court of Appeals implied in *Irwin* and reaffirmed in *Norris*: when in doubt, an exhaustive, nonexclusive list cures the vagueness of "places where children congregate." The majority, by incorrectly tethering the outcome of this case to federal case law, ignores the cases in the Court of Appeals that have already set the parameters of this issue. The majority therefore provides little guidance to these courts but indicates only that the condition before us today is not, in fact, vague. We can and should do more than that.

## CONCLUSION

Today a majority of the court concludes that the community custody condition restricting Wallmuller's freedom of movement is not vague. The majority does so without truly analyzing the language of the community custody condition. But a closer look at the language and a review of our case law makes clear that the result should—and must—be the opposite. Further, the majority does not provide adequate guidance to future litigants and courts. I would hold that the phrase "places where children congregate" in condition 17 is unconstitutionally vague and that the list following the "such as" clause does not cure this phrase of vagueness. I would therefore strike the condition as being void for vagueness and remand to the trial court for further proceedings consistent with this opinion.

For those reasons, I respectfully dissent.

Wiggins, J.

Johnson

Gordon McCloud, J.

Yu, J.