# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>　　　　　　Respondent,<br><br>　　v.<br><br>KYLE T.W. BELL,<br><br>　　　　　　Appellant. | No. 50522-3-II<br><br>UNPUBLISHED OPINION<br>ON REMAND |

MAXA, J. – In a previous opinion, we remanded for the trial court to strike community custody condition 8, which prohibited Bell from frequenting "places where children congregate" because that condition was unconstitutionally vague. *State v. Bell*, No. 50522-3-II, slip op. at 16 (Wash. Ct. App. Mar. 27, 2019) (unpublished) (Lee, J., dissenting in part), http://www.courts.wa.gov/opinions/pdf/D2%2050522-3-II%20Unpublished%20Opinion.pdf. The State petitioned for review to the Supreme Court, which granted review and remanded to this court for reconsideration in light of *State v. Wallmuller,* 194 Wn.2d 234, 449 P.3d 619 (2019). We now hold that community custody condition 8 is not unconstitutionally vague and affirm the trial court's imposition of that condition.

At sentencing, the trial court imposed the following community custody condition:

> The defendant shall not loiter in nor frequent places where children congregate such as parks, video arcades, and day care facilities or other such places as may be designated by the CCO and/or the state certified sexual deviancy treatment provider.

*Bell*, 50522-3-II, slip op. at 2. Bell argues that this condition is unconstitutionally vague.

In *Wallmuller*, the Supreme Court addressed the constitutionality of a similar community custody condition that provided: "The defendant shall not loiter in nor frequent places where children congregate such as parks, video arcades, campgrounds, and shopping malls." 194 Wn.2d at 237. The court noted that the Court of Appeals in *State v. Irwin,* 191 Wn. App. 644, 649, 655, 364 P.3d 830 (2015) "properly recognized that the phrase 'where children . . . congregate' is vague standing on its own." *Wallmuller*, 194 Wn.2d at 243. But the court concluded that the phrase "modified by a nonexclusive list of places illustrating its scope" was sufficiently specific. *Id*. Therefore, the court upheld the condition. *Id.* at 245.

The condition at issue here includes a nonexclusive list of places that Bell must avoid that is very similar to the list in *Wallmuller*. Therefore, we affirm the trial court's imposition of community custody condition 8. In all other respects, the March 27, 2019 unpublished opinion's decision stands.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

LEE, C.J.

CRUSER, J.

2