**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 79781-6-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| RYAN JAMES TERRONES, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | |

MANN, C.J. — Ryan Terrones pleaded guilty to, and was convicted of rape of a child in the second degree. Terrones appeals a community custody condition requiring him to avoid areas where children's activities regularly occur. Terrones argues the condition is unconstitutionally vague, overbroad, and not crime related. We disagree, and affirm.

I.

In 2016, Terrones was charged with rape of a child in the second degree after he raped his 13-year-old adopted sister in the family home. In September 2016, Terrones pleaded guilty as charged. The State and Terrones agreed to a special sex offender sentencing alternative (SSOSA), which provided that Terrones would serve six months in jail, followed by five years of sex-offender treatment.

Citations and pin cites are based on the Westlaw online version of the cited material.

Terrones's psychosexual evaluation and treatment plan recommended that Terrones "should not work, recreate or socialize in situations where he might have unsupervised contact with children." As part of the plea agreement, the court imposed numerous community custody conditions. Some of the conditions imposed were specific to offenses involving minors, including condition 18:

> Stay out of areas where children's activities regularly occur or are occurring. This includes parks used for youth activities, schools, daycare facilities, playgrounds, wading pools, swimming pools being used for youth activities, play areas (indoor or outdoor), sports fields being used for youth sports, arcades, and any specific location identified in advance by DOC[1] or CCO.[2]

In March 2019, the court revoked Terrones's SSOSA, finding that Terrones failed to make reasonable progress in a sexual deviancy program and that he failed to find a treatment provider due to his lack of amenability to treatment. The court imposed the standard range prison term of 90 months to life and re-imposed the community custody conditions, including condition 18.

Terrones appeals.

## II.

Terrones argues that community custody condition 18 is unconstitutionally vague, overbroad, and not crime related.

Community custody conditions may be challenged for the first time on appeal, and where the challenge involves a legal question, the conditions may be challenged preenforcement. State v. Wallmuller, 194 Wn.2d 234, 238, 449 P.3d 619 (2019). We review community custody conditions for an abuse of discretion. The imposition of a

---

[1] Washington Department of Corrections (DOC).
[2] Community Corrections Officer (CCO).

condition that violates the constitution is manifestly unreasonable. Wallmuller, 194 Wn.2d at 238. We review constitutional questions de novo. Wallmuller, 194 Wn.2d at 238.

A.

Terrones first argues that condition 18 is unconstitutionally vague. The Fourteenth Amendment and article I, section 3 of the Washington Constitution requires citizens to have a fair warning of proscribed conduct. U.S. Const. Amend. XIV; Wash. Const. art. I, §3. To determine if a community custody condition is unconstitutionally vague, we consider if the condition (1) does not define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is proscribed or (2) does not provide ascertainable standards of guilt to protect against arbitrary enforcement. Wallmuller, 194 Wn.2d at 239.

Our Supreme Court recently reviewed and affirmed a community custody condition similar to condition 18 in Wallmuller. The court considered a vagueness challenge to a condition requiring that "the defendant shall not loiter in nor frequent places where children congregate such as parks, video arcades, campgrounds, and shopping malls." Wallmuller, 194 Wn.2d at 237. The court conducted a detailed review of state and federal appellate decisions reviewing similar community custody conditions to determine whether a vague definition of "places where children congregate" can be cured by including a nonexclusive list of illustrative examples. Wallmuller, 194 Wn.2d at 239-245. But see State v. Irwin, 191 Wn. App. 644, 652-55, 364 P.3d 830 (2015).[3]

---

[3] In Irwin, this court held that a condition which stated "do not frequent areas where minor children are known to congregate as defined by the supervising community corrections officer" was unconstitutionally vague without some clarifying language or an illustrative list of prohibited locations.

The Wallmuller court determined that the challenged condition was not vague because "reading this condition in a commonsense way and in the context of the other conditions, an ordinary person can understand the scope of the prohibited conduct." Wallmuller, 194 Wn.2d at 245. The court further provided that the vagueness doctrine does not require impossible precision in listing every possible prohibited place. Wallmuller, 194 Wn.2d at 245. The court concluded: "the condition challenged here, including its nonexclusive list of 'places where children congregate,' satisfies due process. It puts an ordinary person on notice that they must avoid places where one can expect to encounter children, and it does not invite arbitrary enforcement." Wallmuller, 194 Wn.2d at 245.

As in Wallmuller, condition 18 includes a lengthy nonexclusive list of examples, including "parks used for youth activities, schools, daycare facilities, playgrounds, wading pools, swimming pools being used for youth activities, play areas (indoor or outdoor), sports fields being used for youth sports, arcades." Based on Wallmuller, Terrones concedes that condition 18 meets the first prong of the vagueness test because it defines prohibited conduct with sufficient definiteness that ordinary people can understand what conduct is proscribed.

Terrones instead challenges the portion of the illustrative list that allows DOC or a CCO to add specific locations to the examples of places to stay out of, contending that it invites arbitrary enforcement. In making this argument, Terrones relies on Irwin, where the very definition of areas where children congregate was set by the CCO. This court held that the defendant would have sufficient notice of prohibited conduct once the CCO set locations "where children are known to congregate," however, this broad

4

discretion of the CCO left the condition vulnerable to arbitrary enforcement. Irwin, 191 Wn. App. at 655. Unlike in Irwin, the CCO here is permitted only to clarify the definition by providing additional examples of locations in advance. Condition 18 provides further clarity of the condition and prevents arbitrary enforcement because the CCO is required to provide advance notice of additional specific locations to Terrones, and does not have the unlimited discretion to define prohibited areas as in Irwin. Condition 18 is not unconstitutionally vague because it provides fair notice and is not subject to arbitrary enforcement.

B.

Terrones also argues that the condition is overbroad. He argues the condition potentially restricts his right to travel, and that the condition does not serve the government's interest in protecting children when Terrones is already prohibited from having contact with minors.

A convict's First Amendment rights may be restricted if the condition is reasonably necessary to accomplish the essential needs of the state and public order, but the condition must be sensitively imposed. State v. Bahl, 164 Wn.2d 739, 757, 193 P.3d 678 (2008).

Terrones argues that condition 18 is overbroad and might be read to limit his access to colleges or universities, or "adult daycares" or adult play areas including bars with pool tables or video games. The State has a reasonable need to protect children from convicted sexual offenders of children, and here, the nonexhaustive list is sensitively imposed to keep children safe. Terrones is not prohibited from traveling to public places generally, only those areas that are regularly used for youth activities.

Terrones's argument that he is restricted from going to universities, bars, and adult care centers is unpersuasive because condition 18 provides that he is only prohibited from areas where children's areas regularly occur. Children do not typically attend universities, go out to bars, or spend time in senior centers. Condition 18 is sensitively imposed based on the State's need to keep children safe from a convicted child rapist and is not overbroad.

C.

Terrones finally contends that condition 18 is not crime related. We review the court's factual basis of a crime related finding for substantial supporting evidence. Irwin, 191 Wn. App. at 656. Crime-related prohibitions are discretionary conditions that are directly related to the circumstances of the crime but need not be causally related to the crime. RCW 9.94A.030(10); State v. Zimmer, 146 Wn. App. 405, 413, 190 P.3d 121 (2008). "So long as it is reasonable to conclude that there is a sufficient connection between the prohibition and the crime of conviction, we will not disturb the sentencing court's community custody conditions." State v. Nguyen, 191 Wn.2d 671, 685-86, 425 P.3d 847 (2018).

Terrones argues that condition 18 is not crime related because his criminal conduct occurred inside the family home. Terrones's underlying crime was the rape of child. Terrones was not amenable to treatment and he previously had prohibited contact with a minor while still in treatment. His evaluator recommended that Terrones should not socialize in areas where he could have unsupervised contact with children. Terrones's actions and revocation from SSOSA demonstrates that he continues to pose a risk to minor children. Keeping a convicted sexual offender of children away from

6

areas where children's activities occur is reasonably related to the crime. For these reasons, condition 18 is reasonably related to Terrones's underlying crime.

Because condition 18 is not vague, not overbroad, and is reasonably related to Terrones's underlying crime, the court did not abuse its discretion in imposing the condition.

We affirm.

_Mann, C.J._

WE CONCUR:

_Chun, J._                    _Leach, J._