IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 80911-3-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| SCHOPF, TIMOTHY JOHN MELO, | ) | |
| DOB: 03/15/1982, | ) | |
| | ) | |
| Appellant. | ) | |

BOWMAN, J. — A jury convicted Timothy John Melo Schopf of failure to register as a sex offender, possession of a controlled substance, and two counts of bail jumping. Schopf asserts insufficient evidence supports his conviction for failure to register, we must reverse his possession of methamphetamine conviction, and the trial court erred in imposing a discretionary legal financial obligation (LFO). We conclude that the evidence is sufficient to support Schopf's conviction of failure to register and affirm that conviction. Based on the Washington State Supreme Court's recent decision in State v. Blake, ___ Wn.2d ___, 481 P.3d 521 (2021), and the State's concession, we reverse and vacate Schopf's felony conviction of possession of a controlled substance. We remand for resentencing and to strike the imposition of supervision fees as a condition of community custody.

Citations and pin cites are based on the Westlaw online version of the cited material.

FACTS

Following a 2002 felony sex offense conviction, the court ordered Schopf to register his place of residence with the appropriate county sheriff's office. On November 30, 2017, he registered with the Snohomish County Sheriff's Office and provided an Everett address as his residential address. The residence was his mother and stepfather's home.

In 2018, Schopf's stepfather told him that the living arrangement "wasn't working out, and he needed to find a place of his own." Eventually, on August 31, Schopf left the home and no longer resided there. Although some of his personal belongings remained in the home, Schopf's stepfather did not see him again until almost a year later in May 2019. Schopf did not report any changes to his residence to the Snohomish County Sheriff's Office after November 2017.

In December 2018, an Everett police officer tried to verify that Schopf was living at his registered address. Because he was unable to do so, he forwarded the matter to a detective. The detective tried to confirm Schopf's address in January 2019. He went to Schopf's registered address and spoke to Schopf's mother and stepfather. The detective determined that Schopf no longer lived there.

The State charged Schopf with the crime of failure to register as a sex offender between August 31, 2018 and April 16, 2019. Based on separate events in April 2019, the State also charged Schopf with one count of felony possession of a controlled substance. The State later amended the information

to add two counts of bail jumping after the court released Schopf on bail and he failed to appear at two court hearings.[1]

Following a two-day trial, the jury convicted Schopf as charged.

ANALYSIS

Failure To Register

Schopf challenges the sufficiency of the evidence supporting his conviction of failure to register as a sex offender. Schopf stipulated that he had a duty to register. The only disputed issue at trial was whether he "knowingly" failed to do so.

When a defendant challenges the sufficiency of the evidence, we ask "whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt." State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). "[A]ll reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant." Salinas, 119 Wn.2d at 201. "A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." Salinas, 119 Wn.2d at 201. In a challenge to the sufficiency of the evidence, circumstantial evidence and direct evidence carry equal weight. State v. Goodman, 150 Wn.2d 774, 781, 83 P.3d 410 (2004).

Under RCW 9A.44.132(1), a person commits the crime of failure to register as a sex offender if the person (1) has a duty to register under RCW 9A.44.130 and (2) "knowingly" fails to register his whereabouts with the

---

[1] Schopf does not challenge his bail jumping convictions in this appeal.

appropriate county sheriff's department.  A person with a duty to register who relocates to a new residential address must register the new address within three business days.  RCW 9A.44.130(5).  And a person with a duty to register who formerly had a "fixed residence" but no longer has one must report the change within three business days.  RCW 9A.44.130(6)(a).

> For purposes of the registration provisions, a "fixed residence" is
>
> a building that a person lawfully and habitually uses as living quarters a majority of the week.  Uses as living quarters means to conduct activities consistent with the common understanding of residing, such as sleeping; eating; keeping personal belongings; receiving mail; and paying utilities, rent, or mortgage.  A nonpermanent structure including, but not limited to, a motor home, travel trailer, camper, or boat may qualify as a residence provided it is lawfully and habitually used as living quarters a majority of the week, primarily kept at one location with a physical address, and the location it is kept at is either owned or rented by the person or used by the person with the permission of the owner or renter.

RCW 9A.44.128(5).

Despite the uncontroverted evidence that Schopf did not reside at the Everett home during the charging period, he claims that the State failed to meet its burden to prove that he knowingly failed to register because there was no evidence that he understood or was aware of the statutory definition of "fixed residence."  Schopf focuses on the form entitled "Sex and Kidnapping Offender Notification of Registration Requirements" (Form).  Schopf acknowledged he received the Form when he registered his mother and stepfather's address in November 2017.  He points out that while the Form set forth the text of registration statute RCW 9A.44.130, it did not define "fixed residence," which appears in a different statutory section, RCW 9A.44.128.  And in light of the

4

testimony that some of his personal belongings remained in the home after he left and he was allowed to continue to use the residence as a mailing address, he claims that he "may well have believed that the house continued to be his 'fixed residence.' "

But Schopf misconstrues the standard of review. Viewing the evidence in the light most favorable to the State, a rational trier of fact could have found that Schopf knew he no longer lived at a "fixed residence" in Everett and needed to reregister. The Form admitted at trial showed that Schopf received notice of all the relevant statutory provisions. And even though those provisions omit the legal definition of "fixed residence," they are clear about Schopf's obligations. RCW 9A.44.130 unambiguously required Schopf to report that he was no longer living at the Everett residence he shared with his mother and stepfather. The Form notified Schopf that if he "change[d] his . . . <u>residence</u> address within the same county," he had to notify the sheriff's office within three business days. RCW 9A.44.130(5)(a).[2] The Form also notified Schopf that if he "move[d] to a new county," he had to register with the sheriff of that county within three business days. RCW 9A.44.130(5)(b). And finally, the Form showed Schopf knew that if he became homeless, he had to notify the sheriff's office within three business days "after ceasing to have a fixed residence." RCW 9A.44.130(6)(a).

As much as Schopf suggests that the statutory language is technical and not easily understood, the Form also summarized the most significant provisions

[2] Emphasis added.

5

in basic terms.  Schopf confirmed on the Form that he understood and could read English.  He affixed his initials to each of these statements on the Form:



___ I UNDERSTAND THAT I HAVE 3 BUSINESS DAYS TO CHANGE MY ADDRESS[.]

___ I UNDERSTAND THAT IF I MOVE OUT OF THE COUNTY I HAVE 3 BUSINESS DAYS TO CHANGE MY ADDRESS AND REGISTER WITH THE NEW COUNTY[.]

___ I UNDERSTAND THAT IF I MOVE OUT OF STATE THAT I HAVE 3 BUSINESS DAYS TO CHANGE MY ADDRESS WITH THE COUNTY I WAS LIVING IN.

___ I UNDERSTAND THAT IF I AM HOMELESS THAT I HAVE TO REPORT IN PERSON EVERY TUESDAY BETWEEN 9:00 AM AND 5:00 PM.

The testimony at trial established that after August 2018, Schopf no longer lived at the Everett home listed as his registered address and that he failed to notify the sheriff's office.  Whether he obtained a new residential address or became homeless, the evidence supports the inference that Schopf knew that his change of residence triggered the obligation to reregister.  Sufficient evidence in the record supports the jury's determination that Schopf knowingly failed to register.

Possession of a Controlled Substance

Schopf challenges his conviction of possession of a controlled substance, arguing, among other things, that the imposition of strict liability for simple drug possession violates due process.

In Blake, our Supreme Court determined that Washington's strict liability felony drug possession statute RCW 69.50.4013 criminalizes "unknowing, and hence innocent, passivity and therefore 'has an insufficient relationship to the

objective of' regulating drugs." Blake, 481 P.3d at 530 (quoting City of Seattle v. Pullman, 82 Wn.2d 794, 802, 514 P.2d 1059 (1973)). The court held that the statute exceeds the scope of the legislature's " 'legitimate police power authority' " and violates the right to due process under the state and federal constitutions. Blake, 481 P.3d at 530 (quoting Pullman, 82 Wn.2d at 802).

In light of the Blake decision, the State concedes that we must reverse Schopf's conviction of felony possession of a controlled substance. We accept the concession. And because we reverse and vacate Schopf's drug possession conviction, it is unnecessary to address his challenge to the trial court's ruling denying his motion to suppress drug evidence that supported his conviction.[3]

Department of Corrections Supervision Fee

Schopf challenges the imposition of community custody supervision fees as a part of his judgment and sentence.

Community custody supervision fees are authorized under RCW 9.94A.703(2)(d), which states, "Unless waived by the court, as part of any term of community custody, the court shall order an offender to . . . [p]ay supervision fees as determined by the [Department of Corrections]." Because the sentencing court can waive these fees, they are discretionary LFOs. State v. Dillon, 12 Wn. App. 2d 133, 152, 456 P.3d 1199, review denied, 195 Wn.2d 1022, 464 P.3d 198 (2020); State v. Lundstrom, 6 Wn. App. 2d 388, 396 n.3, 429 P.3d 1116 (2018), review denied, 193 Wn.2d 1007, 443 P.3d 800 (2019).

---

[3] On resentencing, the court should determine whether and to what extent the decision in Blake affects Schopf's criminal history and recalculate his offender score if necessary.

Here, the sentencing court conveyed its intent to impose the mandatory victim penalty assessment and waive "[a]ll other fines, fees, costs, and assessments." Consistent with this ruling, the LFO portion of the judgment and sentence includes only the $500 victim penalty assessment. Still, the court did not strike the provision imposing community custody supervision fees. The fee language appears in a separate section of the judgment and sentence as condition (6) in a long list of "Conditions Applicable to All Community Custody Terms."

The State contends there is no basis to review the sentencing court's discretionary decision since Schopf failed to object to the imposition of supervision fees. But a defendant may challenge conditions of community custody for the first time on appeal. State v. Wallmuller, 194 Wn.2d 234, 238, 449 P.3d 619 (2019). And Schopf's failure to object was understandable because the court told Schopf that it would not impose any nonmandatory fines, fees, or costs and the State did not specifically request imposition of supervision fees.

Because the record reflects Schopf's indigency and the court's intent to waive all discretionary LFOs, we remand for the trial court to strike the provision imposing supervision fees. See Dillon, 12 Wn. App. 2d at 152.

We affirm Schopf's conviction of failure to register, reverse and vacate his conviction of felony possession of a controlled substance, and remand for resentencing and to strike the provision requiring him to pay supervision fees.

Bremmer, J

WE CONCUR:

Dwyer, J.        Andrus, A.C.J.