IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON | No. 85648-1-I |
| Respondents, | |
| v. | DIVISION ONE |
| WILLIAM DWAYNE WEEDEN, | UNPUBLISHED OPINION |
| Appellant. | |

SMITH, C.J. — William Weeden was convicted of assault in the third degree. On appeal, Weeden challenges a community custody condition set forth in his judgment and sentence requiring him to remain within certain geographic boundaries. We remand for the court to strike the community custody provision.

FACTS

The facts of this case are undisputed. In April 2020, William Weeden assaulted Robert VanDiver with a broom and was charged by amended information with assault in the third degree with a deadly weapon. Weeden proceeded pro se and waived his right to a jury. The court found Weeden guilty and sentenced him within the standard range.

Weeden's judgment and sentence includes community custody conditions. Condition 8 requires Weeden to "[r]emain within geographic boundaries, as set forth in writing by the Department of Corrections Officer or as set forth with [the]

SODA[1] order." Weeden appeals and challenges the constitutionality of this provision.

Analysis

Standard of Review

Challenges to community custody conditions may be raised for the first time on appeal. *State v. Irwin*, 191 Wn. App. 644, 650, 364 P.3d 830 (2015). This court reviews community custody conditions for abuse of discretion. *State v. Bahl*, 164 Wn.2d 739, 753, 193 P.3d 678 (2008). "A trial court necessarily abuses its discretion if it imposes an unconstitutional community custody condition, and we review constitutional questions de novo." *State v. Wallmuller*, 194 Wn.2d 234, 238, 449 P.3d 619 (2019).

Community Custody Conditions

Weeden claims the community custody condition limiting his movement is unconstitutionally vague. We agree.

Under Article 1, Section 3 of the Washington State Constitution, the due process vagueness doctrine requires the State to provide citizens with fair warning of proscribed conduct. *Bahl*, 164 Wn.2d at 752. A community custody condition is void for vagueness if it " '(1) . . . does not define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is proscribed, or (2) . . . does not provide ascertainable standards of guilt to protect against arbitrary enforcement.' " *Bahl*, 164 Wn.2d at 752 (alterations in original)

---

[1] "Stay out of Drug Area."

(quoting *City of Spokane v. Douglass*, 115 Wn.2d 171, 178, 795 P.2d 693 (1990)).

Here, Weeden's community custody condition requires him to "[r]emain within geographic boundaries, as set forth in writing by the Department of Corrections Officer or as set forth with [the] SODA order." The language deferring to a corrections officer is similar to the conditions prescribed in *State v. Greenfield*, 21 Wn. App. 2d 878, 889, 508 P.3d 1029 (2022) ("Stay out of drug areas, as defined in writing by the supervising Community Corrections Officer.") and *Irwin*, 191 Wn. App at 652 ("Do not frequent areas where minor children are known to congregate, as defined by the supervising CCO."). In both of these cases, the court held the community custody condition to be unconstitutionally vague.

In *Irwin*, the court stated "without some clarifying language or an illustrative list of prohibited locations . . . the condition does not give ordinary people sufficient notice to 'understand what conduct is proscribed.' " 191 Wn. App. at 655 (internal quotation marks omitted) (quoting *Bahl*, 164 Wn.2d at 753). The court noted that once the community corrections officer set specific locations, notice may be sufficient, but the condition would still be subject to arbitrary enforcement and, therefore, would "render the condition unconstitutional under the second prong of the vagueness analysis." *Irwin*, 191 Wn. App at 655. Similar to the condition in *Irwin*, the community custody condition in Weeden's judgment and sentence does not sufficiently describe the prohibited geographic boundaries, nor does it protect against arbitrary enforcement.

3

The State relies on *State v. Nguyen*, 191 Wn.2d 671, 425 P.3d 847 (2018), and *State v. Johnson*, 197 Wn.2d 740, 487 P.3d 893 (2021) for their claim that Weeden's condition is not unconstitutionally vague and is sufficient to put an ordinary person on notice of what conduct is proscribed. But these cases are distinguishable. First, neither *Nguyen* or *Johnson* concerns geographical boundaries. In *Nguyen* the court addressed the meaning of the terms "sexually explicit material" and "dating relationship" and whether the terms were unconstitutionally vague. 191 Wn.2d at 675. Additionally, the community condition in *Nguyen* did not defer to a community custody officer for clarification. 191 Wn.2d at 679.

In *Johnson*, the community custody condition concerned the defendant's use of the internet, specifically preventing him from soliciting sex with a minor. The condition stated "Johnson shall not use or access the World Wide Web unless specifically authorized by [his community custody officer] through approved filters." *Johnson*, 197 Wn.2d at 744 (alteration in original) (internal quotation marks omitted). Johnson challenged the constitutionality of the condition, claiming it lacked "sufficiently specific standards to prevent arbitrary enforcement by his future community custody officer." *Johnson*, 197 Wn.2d at 748. The Supreme Court noted when read in isolation that may be true, but read in the context of the judgment and sentence and related documents, "there are sufficient benchmarks to prevent arbitrary enforcement." *Johnson*, 197 Wn.2d at 748.

The State cites to *Johnson* for the proposition that documents related to Weeden's conviction can be used to restrict arbitrary enforcement. But, as noted above, *Johnson* is distinguishable. Defining physical boundaries an individual is restricted to is not the same as selecting filters to prohibit someone from soliciting sex with a minor online. As this court noted in *Irwin*, without clarifying language or a list of prohibited locations, a condition restricting geographical boundaries "would render the condition unconstitutional." 191 Wn. App. at 655.

Without more information, such as a list of locations from which Weeden is prohibited,[2] the community custody provision is not sufficiently defined and is vulnerable to arbitrary enforcement. We remand for the court to strike the provision.

_Smith, C.J._

WE CONCUR:

_Chung, J._      _Brennan, J._

---

[2] The community custody condition fails to even provide a reason or what behavior the geographical location restriction is attempting to address.

5