**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| THE STATE OF WASHINGTON, | No. 86004-6-I |
| Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| TYRE M. JOHNSON, | |
| Appellant. | |

MANN, J. — Tyre Johnson pleaded guilty to robbery in the first degree. Johnson appeals and challenges a community custody condition requiring him to remain within certain geographic boundaries. We remand for the court to strike the community custody condition.

I

Johnson was charged by amended information with kidnapping in the first degree and robbery in the first degree. Johnson pleaded guilty to robbery in the first degree and the State dismissed the kidnapping charge. Johnson was sentenced to a standard range sentence and community custody. Community custody condition 8 required

Johnson to "remain within geographic boundaries, as set forth in writing by the Department of Corrections Officer or as set forth with SODA[1] order."

Johnson appeals.

II

Johnson argues that community custody condition 8 is unconstitutionally vague. We agree.

We review community custody conditions for abuse of discretion. A trial court necessarily abuses its discretion if it imposes an unconstitutional community custody condition. State v. Wallmuller, 194 Wn.2d 234, 238, 449 P.3d 619 (2019). We review constitutional questions de novo. Wallmuller, 194 Wn.2d at 238.

Under Article I, section 3 of the Washington State Constitution, the due process vagueness doctrine requires the State to provide citizens with fair warning of proscribed conduct. State v. Bahl, 164 Wn.2d 739, 752, 193 P.3d 678 (2008). A community custody condition is void for vagueness if it "'(1) . . . does not define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is proscribed, or (2) . . . does not provide ascertainable standards of guilt to protect against arbitrary enforcement.'" Bahl, 164 Wn.2d at 752 (alterations in original) (quoting City of Spokane v. Douglass, 115 Wn.2d 171, 178, 795 P.2d 693 (1990)).

In State v. Irwin, 191 Wn. App. 644, 652, 364 P.3d 830 (2015), the court addressed the constitutional vagueness of a similar community custody condition: "Do not frequent areas where minor children are known to congregate, as defined by the

---

[1] "Stay out of Drug Area."

supervising CCO."  The court held that "without some clarifying language or an illustrative list of prohibited locations . . . the condition does not give ordinary people sufficient notice to 'understand what conduct is proscribed.'"  Irwin, 191 Wn. App. at 655; see also State v. Greenfield, 21 Wn. App. 2d 878, 508 P.3d 1029 (2022) (holding "Stay out of drug areas, as defined in writing by the supervising Community Corrections Officer" to be unconstitutionally vague).  The court noted that notice may be sufficient once the community custody officers set the prohibited locations but the condition remained "vulnerable to arbitrary enforcement."  Irwin, 191 Wn. App. at 655.  Like Irwin, community custody condition 8 does not give ordinary people sufficient notice because it does not adequately describe the prohibited geographic boundaries.  Nor does it protect against arbitrary enforcement.

The State relies on State v. Johnson, 197 Wn.2d 740, 487 P.3d 893 (2021), and asserts that the condition is not unconstitutionally vague.  That case is distinguishable. In Johnson, the community custody condition did not involve geographical boundaries but instead prevented Johnson from soliciting sex with a minor by prohibiting his use of the internet unless specifically authorized by a community custody officer.  197 Wn.2d at 744.  Johnson challenged the constitutionality of the condition, claiming it lacked "sufficiently specific standards to prevent arbitrary enforcement by his future community custody officer."  Johnson, 197 Wn.2d at 748.  Our Supreme Court explained that when read in the context of the judgment and sentence and related documents, "there are sufficient benchmarks to prevent arbitrary enforcement."  Johnson, 197 Wn.2d at 748. But here, community custody condition 8 restricts an individual's physical movement.

That is not the same as restricting internet access through filters to prohibit someone from soliciting sex with a minor online.

The State also relies on State v. Ortega, 21 Wn. App. 2d 488, 506 P.3d 1287 (2022), but that case is distinguishable. In Ortega, the community custody condition required Ortega to comply with "crime-related prohibitions: Per CCO." 21 Wn. App. 2d at 496. The court held that the condition "did not grant Ortega's CCO unbridled discretion to proscribe conduct because the Department's authority is defined by statute. Thus, this condition is not unconstitutionally vague." Ortega, 21 Wn. App. 2d at 496. But unlike Ortega, community custody condition 8 limits Johnson's physical movement.

Without more information, the community custody condition is not sufficiently defined and vulnerable to arbitrary enforcement. We remand for the court to strike the community custody condition.

_____Mann, J._____

WE CONCUR:

_____Chung, J._____           _____Coburn, J._____