## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 54482-2-II |
| Respondent, | |
| v. | |
| EARL OWEN ROSETE DE DIOS, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, C.J. — Earl O. De Dios appeals two community custody conditions that the sentencing court imposed following his attempted commercial sex abuse of a minor conviction. De Dios argues that the sentencing court abused its discretion by imposing two community custody conditions that are not crime-related: that he not enter sex-related business and that he not possess or access sexually explicit materials that are intended for sexual gratification. He also argues that the sentencing court abused its discretion because the latter community custody condition is unconstitutionally vague.

We hold that De Dios has waived his right to challenge the two community custody conditions on the basis that they were not crime-related because De Dios did not object to the community custody conditions at sentencing. We also hold that the community custody condition that he not possess or access sexually explicit materials that are intended for sexual gratification is not unconstitutionally vague. Therefore, we affirm De Dios' community custody conditions.

No. 54482-2-II

## FACTS

De Dios responded to an advertisement posted by a 24-year-old female on an online escort website. The posted advertisement was created by the Washington State Patrol's Missing and Exploited Children Task Force. De Dios and the female started texting each other. The female informed De Dios that she was 16 years old. Despite that, De Dios agreed to meet the female at a motel for sex in exchange for $180. De Dios arrived at the motel and was placed under arrest.

De Dios pled guilty to attempted commercial sex abuse of a minor.[1] The sentencing court sentenced De Dios to 18 months confinement and 36 months of community custody. The sentencing court also imposed a number of community custody conditions, including:

9. Do not enter sex-related businesses, which means: x-rated movies, adult bookstores, strip clubs, and any location where the primary source of business is related to sexually explicit material.
10. You must not possess or access sexually explicit materials that are intended for sexual gratification. This means, but is not limited to, material which shows genitalia, bodily excretory behavior that appears to be sexual in nature, physical stimulation of unclothed genitals, masturbation, sodomy (i.e., bestiality, or oral or anal intercourse), flagellation or torture in the context of a sexual relationship, or emphasizing the depiction of human genitals, unless given prior approval by your sexual deviancy provider. Works of art or of anthropological significance are not considered sexually explicit material.

Clerk's Papers (CP) 53-54. De Dios did not object to these conditions at sentencing.

De Dios appeals the imposition of community custody conditions 9 and 10.

---

[1] RCW 9.68A.100.

2

ANALYSIS

A.    CRIME-RELATED COMMUNITY CUSTODY CONDITIONS

De Dios argues that community custody condition 9, which prohibits De Dios from entering sex-related businesses, and community custody condition 10, which prohibits De Dios from accessing or possessing sexually explicit materials intended for sexual gratification, are not crime-related. The State argues that De Dios waived these arguments by failing to object to the conditions at sentencing. We agree with the State and decline to consider De Dios' challenge that the conditions are not crime-related.

1.    Legal Principles

We "may refuse to review any claim of error which was not raised in the trial court." RAP 2.5(a). "'The appellate courts will not sanction a party's failure to point out at trial an error which the trial court, if given the opportunity, might have been able to correct to avoid an appeal and a consequent new trial.'" *State v. O'Hara*, 167 Wn.2d 91, 98, 217 P.3d 756 (2009) (quoting *State v. Scott*, 110 Wn.2d 682, 685, 757 P.2d 492 (1988)). But a party may raise a claim for the first time on appeal when it is a manifest error affecting a constitutional right. RAP 2.5(a)(3).

We review the question of whether a condition is crime-related for abuse of discretion. *State v. Nguyen*, 191 Wn.2d 671, 678, 425 P.3d 847 (2018). We will reverse a condition only if it is manifestly unreasonable. *Id.*

The trial court has the discretion to impose crime-related prohibitions in community custody conditions. RCW 9.94A.703(3)(f). A crime-related prohibition is "an order of a court prohibiting conduct that directly relates to the circumstances of the crime for which the offender

3

has been convicted." RCW 9.94A.030(10).[2] "'Directly related' includes conditions that are 'reasonably related' to the crime." *State v. Irwin*, 191 Wn. App. 644, 656, 364 P.3d 830 (2015) (quoting *State v. Kinzle*, 181 Wn. App. 774, 785, 326 P.3d 870, *review denied*, 181 Wash.2d 1019, 337 P.3d 325 (2014)). The condition does not need to be identical to the convicted crime, but there must be some basis for the connection. *Nguyen*, 191 Wn.2d at 684. A court may use its discretion to "impose prohibitions that address the cause of the present crime or some factor of the crime that might cause the convicted person to reoffend." *Id.*

>       2.       No Manifest Error

Here, De Dios did not object to the community custody conditions he now challenges as not crime-related. Therefore, De Dios may raise his objections for the first time on appeal only if he is able to show a manifest error affecting a constitutional right. RAP 2.5(a)(3). De Dios' fails to meet his burden because condition 9 and condition 10 are crime-related.

In *Nguyen*, the Washington Supreme Court addressed similar community custody conditions De Dios challenges here. The *Nguyen* decision involved two consolidated cases (Nguyen and Norris) addressing whether certain community custody conditions imposed by the sentencing courts were sufficiently crime related or unconstitutionally vague. *Nguyen*, 191 Wn.2d at 675. In the first consolidated case, defendant Nguyen was convicted of first degree child molestation, first degree child rape, second degree child molestation, and second degree child rape. *Id.* The trial court imposed a community custody condition prohibiting him from possessing or viewing "sexually explicit material." *Id.* at 676.

---

[2] RCW 9.94A.030 was amended in 2020 and 2021. However, there were no substantive changes made affecting this opinion; therefore, we reference the most recent version of the statute.

Nguyen's crimes did not involve sexually explicit material. *Id.* But the court held that the condition prohibiting possession or viewing of sexually explicit material to be reasonably related to his convictions. *Id.* at 684. The court reasoned:

> Here, we find no abuse of discretion. Nguyen committed sex crimes and, in doing so, established his inability to control his sexual urges. It is both logical and reasonable to conclude that a convicted person who cannot suppress sexual urges should be prohibited from accessing 'sexually explicit materials,' the only purpose of which is to invoke sexual stimulation.

*Id.* at 686. In response to Nguyen's argument that the court's reasoning "may permit a prohibition of 'sexually explicit material' in all sex crimes," the court stated, "That is no different from requiring all drunk drivers to refrain from using alcohol or all person convicted of drug offenses not to use drugs." *Id.* at 685.

In the second consolidated case, defendant Norris pled guilty to three counts of second degree child molestation. *Id.* at 678. The trial court imposed a community custody condition prohibiting Norris from entering any "sex-related business." *Id.* Nothing in the record showed that Norris met the victim in a "sex-related business" or that Norris' presence in a sex-related business played a role in Norris' crimes. *Id.* at 687.

The court held that the condition prohibiting entry into any sex-related business was sufficiently crime related. *Id.* The court applied the same reasoning it used for defendant Nguyen and the condition prohibiting "sexually explicit materials." *Id.* While the court acknowledged that Norris was unlikely to meet a minor in a sex-related business, the court stated that "like Nguyen's condition discussed above, this condition [had] more to do with Norris' inability to control her urges and impulsivities than it [did] with the specific facts of her crimes." *Id.*

5

Here, De Dios pled guilty to attempted commercial sex abuse of a minor. Therefore, like the defendants in *Nguyen*, De Dios committed a sex crime.[3] By committing a sex crime, De Dios "established his inability to control his sexual urges." *Nguyen*, 191 Wn.2d at 686. Because "it is both logical and reasonable to conclude that a convicted person who cannot suppress sexual urges should be prohibited from accessing 'sexually explicit materials,'" as well as prohibited from frequenting "sex related businesses," the community custody conditions that De Dios challenges are crime related. *Id.* at 686-87.

Even assuming without deciding that the challenged community custody conditions affect a constitutional right, we do not address De Dios' claims challenging community custody conditions 9 and 10 as not being crime-related for the first time on appeal because De Dios cannot show a manifest error.

B.    UNCONSTITUTIONALLY VAGUE CONDITION

De Dios argues that community custody condition 10, which prohibits De Dios from possessing or accessing sexually explicit materials that are intended for sexual gratification, is unconstitutionally vague because it is subject to arbitrary enforcement.    We disagree.

We review community custody conditions for abuse of discretion. *State v. Wallmuller*, 194 Wn.2d 234, 238, 449 P.3d 619 (2019). We will reverse a community custody condition only if it is manifestly unreasonable. *State v. Padilla*, 190 Wn.2d 672, 677, 416 P.3d 712 (2018). "Imposing

---

[3] Commercial sex abuse of a minor is a sex offense under RCW 9.94A.030(47)(a)(iii): "'Sex offense' means . . . A felony that is in violation of chapter 9.68A RCW." Commercial sex abuse of a minor is a class B felony under RCW 9.68A.100.

an unconstitutional condition will always be 'manifestly unreasonable.'" *Irwin*, 191 Wn. App. at 652. "This court does not presume that community custody conditions are constitutional." *Id.*

Due process requires that community custody conditions not be vague. *Id.* A community custody condition "'is unconstitutionally vague if (1) it does not sufficiently define the proscribed conduct so an ordinary person can understand the prohibition or (2) it does not provide sufficiently ascertainable standards to protect against arbitrary enforcement.'" *Wallmuller*, 194 Wn.2d at 238-39 (quoting *Padilla*, 190 Wn.2d at 677). A condition is unconstitutionally vague if enforcement depends on a completely subjective standard. *Padilla*, 190 Wn.2d at 680. "Subjective terms allow a 'standardless sweep' that enables state officials to 'pursue their personal predilections' in enforcing the community custody conditions." *State v. Johnson*, 180 Wn. App. 318, 327, 327 P.3d 704 (2014) (internal quotation marks omitted) (quoting *City of Spokane v. Douglass*, 115 Wn.2d 171, 180 n.6, 795 P.2d 693 (1990)).

1. Definition of "Sexually Explicit Materials"

De Dios argues that the definition in community custody condition 10 is vague because "it is unclear what materials are prohibited." Br. of Appellant at 6. Specifically, De Dios claims that the term "sexually explicit material" is vague because the condition defines the term as "'means, but is not limited to,'" which indicates that the definition "is not fixed and could change depending on who is enforcing the condition." Br. of Appellant at 6-7 (quoting CP at 53). We disagree.

The Washington Supreme Court has held that community custody conditions using the term "sexually explicit material" are not unconstitutionally vague. *Nguyen*, 191 Wn.2d at 680 (holding that a community custody condition prohibiting the defendant from possessing, using, accessing, or viewing any sexually explicit material was not unconstitutionally vague); *State v.*

*Bahl*, 164 Wn.2d 739, 759, 193 P.3d 678 (2008) (holding that a community custody condition prohibiting the defendant from frequenting establishments whose primary business pertains to sexually explicit or erotic material was not unconstitutionally vague).

De Dios contends that *Bahl* is distinguishable because the condition in *Bahl* did not include the unlimited language of "but is not limited to" in its definition. De Dios asserts that the "but is not limited to" phrase makes the term "sexually explicit materials" subjective. However, the vagueness doctrine does not require that conditions "'describe every possible permutation, or . . . spell out every last, self-evident detail.'" *Wallmuller*, 194 Wn.2d at 242 (quoting *United States v. MacMillen*, 544 F.3d 71, 76 (2d Cir. 2008)). It would be impossible to list every sexually explicit material that De Dios was prohibited from possessing or accessing, and due process does not require "'impossible standards of specificity.'" *Wallmuller*, 194 Wn.2d at 242 (quoting *City of Seattle v. Eze*, 111 Wn.2d 22, 26-27, 759 P.2d 366 (1988)).

De Dios also contends that *Nguyen* is distinguishable because the condition in *Nguyen* was defined by statute, while the condition imposed on De Dios was not. However, the definition here tracks the statutory definition of "sexually explicit material" almost verbatim. RCW 9.68.130(2).[4] Thus, De Dios' attempt to distinguish *Nguyen* is unpersuasive.

---

[4] Under RCW 9.68.130(2), "'[s]exually explicit material' . . . means any pictorial material displaying direct physical stimulation of unclothed genitals, masturbation, sodomy (i.e. bestiality or oral or anal intercourse), flagellation or torture in the context of a sexual relationship, or emphasizing the depiction of adult human genital: PROVIDED HOWEVER, That works of art or of anthropological significance shall not be deemed to be within the foregoing definition." The trial court's definition mirrors the definition in RCW 9.68.130(1), but also includes "material which shows genitalia" and "bodily excretory behavior that appears to be sexual in nature." CP 53.

De Dios also claims that the definition provided in community custody condition 10 is "eerily similar" to the definition of pornographic materials seen in *Padilla*, where the court held that the condition prohibiting access or possession of pornographic materials "'as directed by his CCO'" left the defendant vulnerable to arbitrary enforcement. Br. of Appellant at 7 (quoting *Padilla*, 190 Wn.2d at 676). In *Padilla*, the trial court defined "pornographic materials" as "'images of sexual intercourse, simulated or real, masturbation, or the display of intimate body parts.'" *Padilla*, 190 Wn.2d at 681. The court struck down this definition because it "impermissibly extend[ed] to a variety of works of arts, books, advertisements, movies, and television shows." *Id.*

Contrary to De Dios' claim, the definition of "pornographic materials" in *Padilla* is not "eerily similar" to the definition provided in community custody condition 10 because the definition in community custody condition 10 provides a more comprehensive list of materials that are not allowed and explicitly states, "Works of art or of anthropological significance are not considered sexually explicit material." CP 54. Further, the vagueness doctrine does not require that conditions "'describe every possible permutation, or . . . spell out every last, self-evident detail.'" *Wallmuller*, 194 Wn.2d at 242 (quoting *MacMillen*, 544 F.3d at 76). It would be impossible to list every sexually explicit material that De Dios was prohibited from possessing or accessing, and due process does not require "'impossible standards of specificity.'" *Wallmuller*, 194 Wn.2d at 242 (quoting *Eze*, 111 Wn.2d at 26-27). Thus, we hold that the term "sexually explicit materials" in community custody condition 10 is not unconstitutionally vague.

2.       "Intended for Sexual Gratification"

De Dios also argues that community custody condition 10 is vague because "sexually explicit material" is modified by the phrase "intended for sexual gratification."  De Dios claims that this is a subjective phrase that is left to the discretion of the overseeing officer to determine. The State argues that the inclusion of "intended for sexual gratification" creates a narrower prohibition than those seen in past cases.  We agree with the State.

De Dios contends that the inclusion of "intended for sexual gratification" is subjective like the term "pornography" in *Bahl*.  However, the trial court in *Bahl* provided no definition of "pornographic materials."  *Bahl*, 164 Wn.2d at 754.  The condition in *Bahl* only prohibited Bahl from "'possess[ing] or access[ing] pornographic materials.'"  *Id*. (alterations in original).

Here, "intended for sexual gratification" is sufficiently defined so that an ordinary person can understand the prohibition and provides De Dios with sufficiently ascertainable standards to protect against arbitrary enforcement. *See Wallmuller*, 194 Wn.2d at 239.  The phrase "intended for sexual gratification" is defined by illustrative lists of examples of what is and what is not considered sexually explicit material intended for sexual gratification in condition 10.  Thus, the lists provide De Dios with a fair warning of what conduct is prohibited and also protects him against arbitrary enforcement because they provide a wide range of what may or may not be considered material that is "intended for sexual gratification."

Also, the inclusion of "intended for sexual gratification" provides a narrower understanding of "sexually explicit material."  This narrower understanding is shown in the exception provided in community custody condition 10.  The exception states, "Works of art or of anthropological significance are not considered sexually explicit material."  CP at 54.  This

10

No. 54482-2-II

exception provides further clarification of what materials are considered sexually explicit, but not intended for sexual gratification. Therefore, "intended for sexual gratification" is not subject to arbitrary enforcement. We hold that community custody condition 10 is not unconstitutionally vague.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____, C.J.
Lee, C.J.

We concur:

_____
Worswick, J.

_____
Glasgow, J.

11