# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 54221-8-II |
| Respondent, | |
| v. | |
| ILIJAH ANTIONE LAMOUNT HUDSON, | UNPUBLISHED OPINION |
| Appellant. | |

VALJACIC, J. — A jury convicted Ilijah Hudson of three counts of child molestation in the first degree. Hudson's sentence included a community custody condition ("Condition 19") prohibiting him from visiting locations where children's activities regularly occur or are occurring. The judgment and sentence order also required him to pay supervision and collection fees. The trial court determined Hudson was indigent. Hudson appeals, arguing that Condition 19 is vague, that it is not crime related, that his counsel was ineffective for failing to object to such condition, and that the trial court erred in imposing the supervision and collection fees after finding he was indigent.

We affirm Condition 19, but remand to the trial court to correct the inconsistency in Hudson's judgment and sentence and reconsider his nonmandatory legal financial obligations (LFOs).

## FACTS

Hudson sexually abused his girlfriend's niece. The State charged him with three counts of child molestation in the first degree. A jury convicted him of all charges. Prior to sentencing, the prosecution proposed Condition 19, which stated:

> Stay out of areas where children's activities regularly occur or are occurring. This means parks used for youth activities, schools, daycare facilities, playgrounds, shopping malls, fast food restaurants (to include the drive-thrus), wading pools, swimming pools being used for youth activities, play areas (indoor or outdoor), sports fields being used for youth sports, arcades, and any specific location identified in advance by [Department of Corrections] DOC or [Community Corrections Officer] CCO.

Clerk's Papers (CP) at 89.

During sentencing, the trial court *sua sponte* addressed Condition 19 and requested the State edit it to avoid vagueness. The prosecution agreed. Hudson's counsel did not object to the condition.

The final imposed Condition 19 states:

> Stay out of areas where children's activities regularly occur or are occurring. This means parks used for youth activities, schools, daycare facilities, playgrounds, wading pools, sports fields being used for youth sports, and any specific location identified in advance by DOC or CCO.

CP at 113.

The trial court determined Hudson was indigent. On Hudson's judgment and sentence form, the court stated that due to Hudson's indigency, payment of nonmandatory LFOs was inappropriate. The court imposed two nonmandatory LFOs: a collection fee and a supervision fee. Hudson appeals the trial court's imposition of Condition 19 and the supervision and collection fees.

ANALYSIS

I.       VAGUENESS OF CONDITION 19

Hudson argues that Condition 19 is unconstitutionally vague because the "or" in the first sentence makes the non-exhaustive list of locations in the second sentence "internally confusing." Br. of Appellant at 11.  We disagree.

A.       Standard of Review

We review community custody conditions for an abuse of discretion.  *State v. Peña Salvador*, 17 Wn. App. 2d 769, 788, 487 P.3d 923, *review denied*, 495 P.3d 844 (2021).  A trial court abuses its discretion by imposing an unconstitutional condition, and we review whether a community custody condition is unconstitutionally vague de novo.  *State v. Wallmuller*, 194 Wn.2d 234, 238, 449 P.3d 619 (2019).

B.       Legal Principles

Vague community custody conditions violate due process under the Fourteenth Amendment to the United States Constitution and article I, section 3 of the Washington Constitution.  *Id*. at 238-39.  A community custody condition is unconstitutionally vague if either "(1) it does not sufficiently define the proscribed conduct so an ordinary person can understand the prohibition or (2) it does not provide sufficiently ascertainable standards to protect against arbitrary enforcement."  *Id*. at 239 (quoting *State v. Padilla*, 190 Wn.2d 672, 677, 416 P.3d 712 (2018)).

A condition must provide fair notice but need not describe every situation under which a defendant should avoid a location.  *Wallmuller*, 194 Wn.2d at 242.  "A community custody condition 'is not unconstitutionally vague merely because a person cannot predict with complete certainty the exact point at which his actions would be classified as prohibited conduct.'"  *State v.*

*Nguyen*, 191 Wn.2d 671, 679, 425 P.3d 847 (2018) (quoting *City of Seattle v. Eze*, 111 Wn.2d 22, 27, 759 P.2d 366 (1988)).

In *Wallmuller*, the Washington Supreme Court held that conditions containing a non-exhaustive list of prohibited areas was constitutional because the list illustrates the scope of the restriction in a way that an ordinary person could understand. 194 Wn.2d at 245. The upheld condition stated, "The defendant shall not loiter in nor frequent places where children congregate such as parks, video arcades, campgrounds, and shopping malls." *Id*. at 237.

C.      Condition 19

We conclude that Condition 19 is not unconstitutionally vague because an ordinary person could understand what it prohibits. Condition 19 states:

> Stay out of areas where children's activities regularly occur or are occurring. This means parks used for youth activities, schools, daycare facilities, playgrounds, wading pools, sports fields being used for youth sports, and any specific location identified in advance by DOC or CCO.

CP at 113.

Hudson relies on *United States v. Peterson*, 248 F.3d 79 (2d Cir. 2001), arguing that it examines a condition analogous to the condition at issue here. In *Peterson*, the court determined that a community custody condition stating "being on any school grounds, child care center, playground, park, recreational facility *or* in any area in which children are likely to congregate" was vague because the "or" made it unclear whether the "in which children are likely to congregate" only applies to "any area" or also to the specific locations in the prior clause. 248 F.3d at 86 (emphasis added). The court further reasoned that if it did not apply to the location list, the condition would be overly broad because it would prohibit Peterson from visiting any park at any time. *Id*.

4

Unlike *Peterson*, the disjunctive in Condition 19 does not render the condition vague. Hudson argues that under *Peterson*'s reasoning, the "or" in Condition 19 makes it unclear when he can visit certain locations like parks. Under Condition 19, Hudson may not visit locations where "children's activities regularly occur or are occurring." CP at 113. The next sentence explains that "this means" schools, daycare facilities, playgrounds, or wading pools. CP at 113. It also applies in an expressly more limited way to parks and sports fields. Hudson must avoid only those parks "used for youth activities" and only those sports fields "being used for youth sports." CP at 113. Therefore, Hudson may visit parks that are not being used for youth activities, and sports fields that are not being used for youth sports. The disjunctive in the first sentence has no impact on the clarity of the list of locations in the second sentence.

Hudson argues that under a broad interpretation of the condition, he may be excluded from all parks and sports fields. Specifically, he argues he may or may not be prohibited from visiting a park in winter that is used for summer youth activities. However, similar conditions to Condition 19 have been upheld. For example, the condition at issue in *Wallmuller* contained a statement that the defendant may not visit places where children frequent, and it contained a nonexclusive list that clarified areas where children's activities regularly occur. *See* 194 Wn.2d at 237. Such a list allows an ordinary person to understand the scope of the prohibited conduct. Condition 19 similarly informs an ordinary person of the prohibited conduct by listing certain areas that must be avoided.

Condition 19 will also not subject Hudson to arbitrary enforcement because the condition's prohibition is sufficiently ascertainable. Such condition is not unconstitutionally vague simply because it does not describe every situation under which Hudson should avoid a location. *See Wallmuller*, 194 Wn.2d at 242. We conclude that Condition 19 is not unconstitutionally vague

5

because an ordinary person can understand its prohibition and the condition is sufficiently ascertainable to avoid arbitrary enforcement.

II.   CRIME RELATEDNESS OF CONDITION 19

Hudson next argues that Condition 19 is not crime related because, if interpreted broadly, the condition prohibits activities that are unrelated to his crime. We disagree.

To resolve whether a condition is crime-related, we review the factual basis for the condition under a "'substantial evidence'" standard. *Padilla*, 190 Wn.2d at 683 (internal quotation marks omitted) (citing *State v. Irwin*, 191 Wn. App. 644, 656, 364 P.3d 830 (2015)). Under this standard, a court should strike a community custody condition if there is no evidence connecting the crime to the condition. *Padilla*, 190 Wn.2d at 683.

The Sentencing Reform Act of 1987 provides that "[a]s a part of any sentence, the court may impose and enforce crime-related prohibitions and affirmative conditions." RCW 9.94A.505(9).[1]   A "crime-related prohibition" is an "order of a court prohibiting conduct that directly relates to the circumstances of the crime for which the offender has been convicted." RCW 9.94A.030(10). "'Directly related' includes conditions that are 'reasonably related' to the crime." *Irwin*, 191 Wn. App. at 656 (citing *State v. Kinzle*, 181 Wn. App. 774, 785, 326 P.3d 870 (2014)). "Community custody conditions are usually upheld if reasonably crime related." *State v. Warren*, 165 Wn.2d 17, 32, 195 P.3d 940 (2008). We determine a condition is not crime related if the record contains no evidence connecting the crime to the imposed community custody condition. *State v. Johnson*, 4 Wn. App. 2d 352, 359, 421 P.3d 969 (2018).

---

[1] The legislature amended parts of RCW 9.94A.505 and RCW 9.94A.030 after the court sentenced Hudson, but subsection RCW 9.94A.505(9) and RCW 9.94A.030(10) remain unchanged. *See* LAWS OF 2021, ch. 242, § 3; LAWS OF 221, ch. 237, § 1.

In *State v. Gonzales*, 1 Wn. App. 2d 809, 813, 408 P.3d 376 (2017), the defendant was convicted of child molestation and child rape. The trial court imposed a community custody condition prohibiting the defendant from visiting parks, playgrounds, and schools. *Id.* at 821. On appeal, the court determined that the condition was crime related because it prohibited a defendant convicted of crimes against children from visiting locations frequented by children, where he might find new victims. *Id.*

Similarly, we conclude Hudson's Condition 19 is crime related because Hudson was convicted of molesting a child, and the condition prohibits him from visiting locations frequented by children, where he could potentially find new victims.

III.    INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO OBJECT TO CONDITION 19

Hudson argues his counsel was ineffective for failing to object to the language of Condition 19, and that such failure prejudiced him because the outcome of the hearing would have been different. We disagree.

A.    Legal Principles

We review ineffective assistance of counsel claims de novo. *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009).

Defendants have a constitutional right to effective assistance of counsel. *In re Pers. Restraint of Khan*, 184 Wn.2d 679, 688, 363 P.3d 577 (2015). The defendant that challenges the effectiveness of their counsel must show (1) that their "'counsel's performance fell below an objective standard of reasonableness,'" and (2) that he was actually and substantially prejudiced by such performance. *Id.* (quoting *State v. A.N.J.*, 168 Wn.2d 91, 109, 225 P.3d 956 (2010)). The defendant must prove prejudice by demonstrating that within a reasonable probability counsel's

errors resulted in a different outcome. *Id*. We engage in a "strong presumption" that counsel's performance was reasonable. *State v. Estes*, 188 Wn.2d 450, 458, 395 P.3d 1045 (2017).

B.      Analysis

We conclude that Hudson's counsel was not ineffective because his performance was not objectively unreasonable. Hudson argues that his counsel was ineffective because there was "no strategic reason to avoid" objecting to Condition 19. Br. of Appellant at 13. However, the trial court *sua sponte* modified Condition 19 to avoid vagueness. Hudson's counsel may have decided that there was no strategic reason to object, since the issue of vagueness had already been addressed by the court. Objection to the trial court's edited version of the condition would have been fruitless because, as explained above, the condition was properly imposed. Counsel's decision not to object when the issue had been resolved by the court is not objectively unreasonable. Because Hudson fails to carry his burden of showing his counsel's performance fell below an objective standard of reasonableness, his claim fails. We conclude Hudson's counsel was not ineffective.

IV.     DISCRETIONARY LEGAL FINANCIAL OBLIGATIONS

Hudson argues that the trial court erred when it found he was indigent but then imposed discretionary LFOs. We agree that Hudson's judgment and sentence form contains an inconsistency requiring correction and reconsideration.

A.      Standard of Review

We review LFOs for an abuse of discretion. *State v. Clark*, 191 Wn. App. 369, 372, 362 P.3d 309 (2015). An abuse of discretion occurs if the trial court's decision is manifestly unreasonable or based on untenable grounds. *State v. Griffin*, 173 Wn.2d 467, 473, 268 P.3d 924 (2012).

B.      Legal Principles

Before imposing costs, RCW 10.01.160(3) requires a superior court to conduct, on the record, an individualized inquiry into a defendant's ability to pay. *State v. Ramirez*, 191 Wn.2d 732, 745-46, 426 P.3d 714 (2018). RCW 10.01.160(3) states in relevant part, "(3) The court shall not order a defendant to pay costs if the defendant at the time of sentencing is indigent as defined in RCW 10.101.010(3) (a) through (c)."

The trial court may impose discretionary community custody supervision fees under RCW 9.94A.703(2)(d). RCW 9.94A.703(2)(d) states, "When a court sentences a person to a term of community custody, the court shall impose conditions of community custody as provided in this section. (2) **Waivable conditions**. Unless waived by the court, as part of any term of community custody, the court shall order an offender to: (d) Pay supervision fees as determined by the department."

The trial court may also impose collection costs under RCW 36.18.190, which states in relevant part: "The superior court may, at sentencing or at any time within ten years, assess as court costs the moneys paid for remuneration for services or charges paid to collection agencies or for collection services."

Recently, in *State v. Spaulding*, this court addressed a similar issue raised here. 15 Wn. App. 2d 526, 476 P.3d 205 (2020). Spaulding, an indigent defendant, challenged the imposition of a community custody supervision fee under RCW 9.94A.703(2)(d). *Id*. at 536-37. This court determined:

> [T]he supervision fee is not a "cost" under RCW 10.01.160(3) just because it is a discretionary financial obligation. RCW 10.01.160(2) defines "cost" as an expense specially incurred by the State to prosecute the defendant, to administer a deferred prosecution program, or to administer pretrial supervision. The supervision fee is not a "cost" under this definition. Therefore, RCW 10.01.160(3) does not prohibit the imposition of supervision costs on an indigent defendant.

*Id.*

*Spaulding* did not expressly address collection costs, but the court did unequivocally hold that "costs" under RCW 10.01.160(3) are only "expense[s] specially incurred by the State to prosecute the defendant, to administer a deferred prosecution program, or to administer pretrial supervision." *Id.* Therefore, if an expense is not a cost by the State to prosecute the defendant, to administer a deferred prosecution program, or to administer pretrial supervision, then it may be imposed on an indigent defendant without violating RCW 10.01.160. *Id.* at 537.

C.      Analysis

We conclude that while the trial court had discretion to impose supervision and collection fees on Hudson, the inconsistency in Hudson's judgment and sentence form requires correction and reconsideration. *Spaulding* expressly addressed supervision fees and determined such fees were not costs under RCW 10.01.160(3). 15 Wn. App. 2d at 537. The reasoning from *Spaulding* also applies to collection costs, and under that reasoning because the collection cost is not a cost incurred by the state to prosecute the defendant, to administer a deferred prosecution program, or to administer pretrial supervision, it cannot be a cost under RCW 10.01.160(3). *Id.* Therefore, neither the supervision fees nor the collection fees are costs under RCW 10.01.160(3) and the trial court may impose such expenses on an indigent defendant. *Id.* Still, both fees are nonmandatory. *See* RCW 36.18.190; RCW 9.94A.703(2)(d).

On Hudson's judgment and sentence form, the trial court stated that due to his indigency, nonmandatory LFOs were inappropriate. Nonetheless, the court imposed a supervision and collection fee, both nonmandatory LFOs. This inconsistency indicates that the trial court may not have intended to impose such fees. Regardless, the trial court should not simultaneously determine that nonmandatory fees are inappropriate due to indigency and then impose such fees. We remand

10

to the trial court to eliminate the inconsistency and consider, in its discretion, whether to impose a supervision and collection fee on an indigent defendant.

## CONCLUSION

We affirm Condition 19, but remand to the trial court to correct the inconsistency in Hudson's judgment and sentence and reconsider his LFOs.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, J.

We concur:

Glasgow, A.C.J.

Cruser, J.