IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| THE STATE OF WASHINGTON, | No. 86537-4-I |
| Respondent, | |
| v. | PUBLISHED OPINION |
| KEVIN LARS LUNDSTROM, | |
| Appellant. | |

BOWMAN, A.C.J. — Kevin Lars Lundstrom appeals his criminal sentence for violating a domestic violence protection order (DVPO). He argues a community custody condition ordering he remain within geographical boundaries as set forth by the community corrections officer (CCO) is unconstitutionally vague. We affirm.

FACTS

Lundstrom and A.A. met in 2020. They later began an intimate relationship and had a child together. The relationship ended around May 2022. On August 2, 2022, A.A. obtained a DVPO prohibiting Lundstrom from contacting her or coming within 1,000 feet of her residence. On the evening of October 28, 2023, Lundstrom violated the order by going to A.A.'s home and knocking on her door. A.A. told Lundstrom to leave, and when he refused, she called the police.

On November 1, 2023, the State charged Lundstrom with felony violation of the DVPO. A jury convicted Lundstrom as charged. The trial court sentenced him to 22 months' imprisonment and 12 months of community custody. In

"Appendix H" to the judgment and sentence, the court ordered that Lundstrom comply with several community custody conditions. Community custody condition 8 (condition 8) requires that Lundstrom "[r]emain within geographic boundaries, as set forth in writing by the [CCO] or as set forth with SODA[1] order."

Lundstrom appeals.

ANALYSIS

Lundstrom argues that condition 8 mandating his compliance with CCO-imposed geographical limitations is unconstitutionally vague. We disagree.

We review community custody conditions for abuse of discretion and will reverse only if they are manifestly unreasonable. *State v. Nguyen*, 191 Wn.2d 671, 678, 425 P.3d 847 (2018). "A trial court necessarily abuses its discretion if it imposes an unconstitutional community custody condition, and we review constitutional questions de novo." *State v. Wallmuller*, 194 Wn.2d 234, 238, 449 P.3d 619 (2019).

Under the Fourteenth Amendment to the United States Constitution and article I, section 3 of the Washington State Constitution, citizens must have fair warning of proscribed conduct. *Nguyen*, 191 Wn.2d at 678. A community custody condition is unconstitutionally vague if "(1) it does not sufficiently define the proscribed conduct so an ordinary person can understand the prohibition or (2) it does not provide sufficiently ascertainable standards to protect against arbitrary enforcement." *State v. Padilla*, 190 Wn.2d 672, 677, 416 P.3d 712

_____

[1] Stay out of drug area.

(2018). But a condition " 'is not unconstitutionally vague merely because a person cannot predict with complete certainty the exact point at which his actions would be classified as prohibited conduct.' " *Id.*[2] (quoting *State v. Sanchez Valencia*, 169 Wn.2d 782, 793, 239 P.3d 1059 (2010)).

In determining whether a challenged condition "is sufficiently definite so as to provide fair warning of proscribed conduct," we do not consider its language in a vacuum, but in the context in which it is used. *See City of Spokane v. Douglass*, 115 Wn.2d 171, 180, 795 P.2d 693 (1990). If persons of ordinary intelligence can understand what the law proscribes, apart from some possible areas of disagreement, the law is sufficiently definite. *State v. Bahl*, 164 Wn.2d 739, 754, 193 P.3d 678 (2008)*.*

Both the sentencing court and the Department of Corrections (DOC) "have the authority to impose community custody provisions, but the authority arises from separate statutes." *State v. Ortega*, 21 Wn. App. 2d 488, 497, 506 P.3d 1287 (2022); *compare* RCW 9.94A.703 (providing sentencing court's authority), *with* RCW 9.94A.704 (providing DOC's authority). Under RCW 9.94A.703(1)(b), the sentencing court must order that the offender "comply with any conditions imposed by [DOC] under RCW 9.94A.704." And under RCW 9.94A.704(3)(b), DOC must instruct an offender to "[r]emain within prescribed geographical boundaries."

Here, the sentencing court complied with that statutory mandate. It ordered Lundstrom to "[r]emain within geographic boundaries, as set forth in

---

[2] Internal quotation marks omitted.

writing by the [CCO] or as set forth with SODA order." And a person of ordinary intelligence can understand what the condition proscribes. Its plain language requires that Lundstrom adhere to any geographic restrictions that a CCO or SODA order "set[s] forth in writing."

Lundstrom contends condition 8 is unconstitutionally vague because it gives a CCO "unfettered discretion to arbitrarily" set geographical boundaries. He is incorrect. The statutory framework authorizes a CCO to establish and modify conditions of community custody. RCW 9.94A.704(2)(a). But it limits that authority to conditions "reasonably related to . . . [t]he crime of conviction, the offender's risk of reoffending, or the safety of the community." *See* RCW 9.94A.704(7)(b). So, any CCO-imposed geographical limitation must be reasonably related to one of those categories. And if an offender disagrees with the validity of a CCO-imposed geographical condition, they may, within a specified time, "request an administrative review" of the condition. RCW 9.94A.704(7)(b). Those sufficiently ascertainable standards protect against arbitrary enforcement.

Finally, citing several unpublished cases, Lundstrom argues condition 8 unconstitutionally delegates the court's discretion to the CCO. *See In re Pers. Restraint of Alaniz*, No. 39631-2-III (Wash. Ct. App. Mar. 21, 2024) (unpublished), https://www.courts.wa.gov/opinions/pdf/396312_unp.pdf; *In re Pers. Restraint of Bratcher*, No. 39758-1-III (Wash. Ct. App. Apr. 2, 2024) (unpublished), https://www.courts.wa.gov/opinions/pdf/397581_unp.pdf; *State v. Weeden*, No. 85648-1-I (Wash. Ct. App. Jan. 21, 2025) (unpublished),

https://www.courts.wa.gov/opinions/pdf/856481.pdf. But we decline to follow

those cases for two principal reasons.

First, the opinions Lundstrom cites are contrary to the weight of authority.

Between 2012 and 2025, this court issued eight unpublished decisions upholding

community custody conditions meaningfully identical to Lundstrom's condition.[3]

Second, the opinions cited by Lundstrom rely on *Bahl* and *State v. Irwin*, 191

Wn. App. 644, 364 P.3d 830 (2015).[4] Both cases are inapposite here.

In *Bahl*, our Supreme Court determined a court-imposed community

custody condition ordering that an offender " 'not possess or access

pornographic materials, as directed by the supervising [CCO],' " was

---

[3] *See State v. Moore*, No. 59282-7-II, slip op. at 1 (Wash. Ct. App. July 1, 2025) (unpublished), https://www.courts.wa.gov/opinions/pdf/59282-7.25.pdf (" 'Remain within geographic boundaries, as set forth in writing by [DOC].' "); *In re Pers. Restraint of Strong*, No. 59628-8-II, slip op. at 23 (Wash. Ct. App. May 6, 2025) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2059628-8-II%20Unpublished%20Opinion .pdf (" '[r]emain within geographic boundaries, as set forth in writing by the [DOC] Officer or as set forth with SODA order' ") (alterations in original); *In re Pers. Restraint of Delacruz*, No. 55496-8-II, slip op. at 3-4 (Wash. Ct. App. Nov. 16, 2021) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2055496-8-II%20Unpublished%20Opinion .pdf ("geographical restrictions as ordered by CCO"); *In re Pers. Restraint of Rowe*, No. 52575-5-II, slip op. at 1, 3 (Wash. Ct. App. Aug. 11, 2020) (unpublished), https://www. courts.wa.gov/opinions/pdf/D2%2052575-5-II%20Unpublished%20Opinion.pdf (" 'Remain within geographic boundary, as set forth in writing by the [CCO].' "); *State v. Blake*, No. 35601-9-III, slip op. at 8-9 (Wash. Ct. App. Jan. 22, 2019) (unpublished), https://www.courts.wa.gov/opinions/pdf/356019_unp.pdf ("remain within prescribed geographical boundaries as directed by . . . CCO"), *reversed on other grounds*, 197 Wn.2d 170, 481 P.3d 521 (2021); *State v. Davis*, No. 76747-0-I, slip op. at 8-10 (Wash. Ct. App. July 31, 2017) (unpublished), https://www.courts.wa.gov/opinions/pdf/767470 .PDF (imposing restrictions on " 'a specified geographic boundary, to wit: per CCO' "); *State v. Landrum*, No. 33812-6-III, slip op. at 22 (Wash. Ct. App. June 20, 2017) (unpublished), https://www.courts.wa.gov/opinions/pdf/338126_unp.pdf (" 'Remain within geographic boundary, as set forth in writing by the [CCO].' "); *State v. Vanderveer*, No. 42665-0-II, noted at 171 Wn. App. 1034, 2012 WL 5503563, at *1 n.4 ("remain within a geographic boundary set by the CCO").

[4] *See Alaniz*, No. 39631-2-III, slip op. at 14-15; *Bratcher*, No. 39758-1-III, slip op. at 4-6; *Weeden*, No. 85648-1-I, slip op. at 2-3.

unconstitutionally vague. 164 Wn.2d at 743, 758. It noted that several courts have held sentencing conditions prohibiting access to or possession of pornography to be unconstitutionally vague because "pornography" has "never been given a precise legal definition" and is an " 'entirely subjective' " term. *Id.* at 754-55 (quoting *United States v. Guagliardo,* 278 F.3d 868, 872 (9th Cir. 2002)). And that because the term "pornography" was unavoidably vague, directing a CCO to define it only made "the vagueness problem more apparent, since it virtually acknowledges that on its face it does not provide ascertainable standards for enforcement." *Id.* at 758. In other words, the court could not cure the condition's vagueness by allowing a CCO to provide their own subjective interpretation of the court's prohibition.

Then, in *Irwin*, we applied *Bahl* to a community custody condition that states, " 'Do not frequent areas where minor children are known to congregate, as defined by the supervising . . . CCO.' " 191 Wn. App. at 649. We described the prohibition in *Bahl* as involving "the intractably undefinable term 'pornography,' " and found a similar problem with the condition excluding the defendant in *Irwin* from places where " 'children are known to congregate.' " *Id.* at 654-55. We determined that it was "not immediately clear" to the defendant what places were prohibited, and that "[w]ithout some clarifying language or an illustrative list of prohibited locations," the condition did not give ordinary people sufficient notice to understand the conduct proscribed. *Id.* And, like in *Bahl*, we said that deference to the CCO to define the court-imposed vague prohibition would "leave the condition vulnerable to arbitrary enforcement." *Id.* at 655.

6

This case is different from *Bahl* and *Irwin*. Here, the court did not impose a vague geographical limitation on Lundstrom and then delegate to the CCO the task of defining the limitation. Indeed, it imposed no geographical limitation.[5] Instead, the court complied with its statutory obligation to order Lundstrom to follow certain conditions that the legislature has authorized the CCO to impose. *See* RCW 9.94A.703(1)(b). And one of the conditions the legislature has determined a CCO must impose on an offender is an order to "[r]emain within prescribed geographical boundaries." RCW 9.94A.704(3)(b).

For these reasons, condition 8 is not unconstitutionally vague, and we affirm.

_____, ACJ

WE CONCUR:

_____        _____
Feldman, J.                     Coburn, J.

---

[5] While RCW 9.94A.703(3)(A) gives the sentencing court discretion to impose its own geographical restriction, the record shows that the court did not exercise that discretion here. The portion of Appendix H ordering Lundstrom to comply with the CCO's geographical limitation is preprinted, and condition 8 is listed among several other mandatory conditions the court must impose. Appendix H also provides a section in which the court can impose its own "specified geographical boundary." But the court left that section blank.

7